[No. S155556. Dec. 21, 2009.]

In re PHOENIX H. et al., Persons Coming Under the Juvenile Court Law.
SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,
Plaintiff and Respondent, v.
M.H., Defendant and Appellant.

**COUNSEL**

Patti L. Dikes, under appointment by the Supreme Court, for Defendant and Appellant.

John J. Sansone, County Counsel, John E. Philips, Chief Deputy County Counsel, Lisa M. Maldonado and Gary C. Seiser, Deputy County Counsel, for Plaintiff and Respondent.

Steven J. Carroll, Public Defender; National Association of Counsel for Children and Ana España for Minors.

## Opinion

**MORENO, J.**—In *People v. Wende* (1979) 25 Cal.3d 436, 441 [158 Cal.Rptr. 839, 600 P.2d 1071], we held that when appointed counsel in an appeal from a criminal conviction files a brief raising no issues, the appellate court must review the entire record to determine whether there are any arguable issues. In *In re Sade C.* (1996) 13 Cal.4th 952, 981–982 [55 Cal.Rptr.2d 771, 920 P.2d 716], we held that such a review of the entire record is not required in an appeal like that in the present case from a juvenile court order affecting parental rights when appointed counsel for the parent files a brief raising no issues. We similarly held in *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 535 [53 Cal.Rptr.3d 856, 150 P.3d 738] that when appointed counsel in an appeal from the imposition of a conservatorship files a brief raising no issues, a review of the entire record is not required, but we added in a footnote: "The conservatee is to be provided a copy of the brief and informed of the right to file a supplemental brief." (*Id.* at p. 544, fn. 6.)

In the present case, appointed counsel for a parent whose parental rights were terminated by the juvenile court filed a brief raising no issues, but asked the court to permit the parent to personally file a supplemental brief. The Court of Appeal denied the request and dismissed the appeal. For the reasons that follow, we conclude that the Court of Appeal did not abuse its discretion in denying the parent's request to personally file an additional brief and properly dismissed the appeal.

### Facts

On January 31, 2007, the juvenile division of the San Diego Superior Court terminated M.H.'s parental rights to her sons, two-year-old Phoenix and one-year-old Dakota, and chose adoption as the permanent plan pursuant to Welfare and Institutions Code section 366.26, subdivision (b)(1). M.H. filed a timely notice of appeal. Her appointed counsel filed a 30-page opening brief that described in detail the procedural history and facts of the case but raised "no specific arguable issues" on appeal. Rather, counsel asked the Court of Appeal to exercise its discretion to independently review the entire record on appeal to determine whether reversible errors were made. In addition, counsel requested that the Court of Appeal provide M.H. "the opportunity to file her own supplemental brief within 30 days."

The Court of Appeal "decline[d] to review the record independently for error." The court concluded that it had "inherent discretion" to permit M.H. to

file an additional brief in propria persona, but found "no reason to allow it in this case." In a footnote, the court observed that the First, Second, and Fifth Districts, as well as two divisions of the Fourth District, "allow a parent 30 days to file a supplemental brief in propria persona. The Third and Sixth Districts do not allow supplemental briefing." The Court of Appeal denied the parent's request to personally file a brief and dismissed the appeal. We granted review.

## DISCUSSION

On appeal from a juvenile court's order terminating parental rights, the parent has a statutory right to appointed counsel. (Fam. Code, § 7895.) In the present case, counsel was appointed to represent M.H. on appeal, but did not identify any issues to argue. Both the United States Supreme Court and this court have considered in several contexts what procedures should be followed when counsel appointed to represent an indigent client on appeal concludes there are no arguable issues to raise.

More than 40 years ago, in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493, 87 S.Ct. 1396], an attorney appointed by the California Court of Appeal to prosecute a criminal defendant's first appeal as of right from a conviction for felony possession of marijuana determined that the appeal had no merit. The attorney filed a letter with the court that stated: " 'I will not file a brief on appeal as I am of the opinion that there is no merit to the appeal. I have visited and communicated with Mr. Anders and have explained my views and opinions to him . . . . [H]e wishes to file a brief in this matter on his own behalf.' " (*Id.* at p. 742.) The defendant asked the court to appoint another attorney, but the court declined. The defendant then filed a brief in propria persona. The Court of Appeal affirmed the judgment of conviction. (*Id.* at pp. 739–740.)

The high court ruled that Anders had been denied his right to counsel, concluding that "counsel's bare conclusion, as evidenced by his letter, was not enough" because this procedure was not " 'an adequate substitute for the right to full appellate review available to all defendants' who may not be able to afford such an expense." (*Anders v. California, supra,* 386 U.S. at pp. 742–743.) The high court observed that "California's procedure did not furnish petitioner with counsel acting in the role of an advocate nor did it provide that full consideration and resolution of the matter as is obtained when counsel is acting in that capacity." (*Id.* at p. 743.) The court in *Anders* then described how appointed counsel and the Court of Appeal should have proceeded: "Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.

That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." (*Id.* at p. 744, fn. omitted.)

In *People v. Wende, supra,* 25 Cal.3d 436, we followed the holding in *Anders* that the appellate court must examine the entire record when appointed counsel in a criminal case determines there is no merit to the defendant's first appeal as of right, but we diverged from the decision in *Anders* by holding that counsel need not withdraw from the case.

Wende was convicted of robbery. His appointed counsel on appeal "filed a brief which set forth a summary of the proceedings and facts with citations to the transcript, raised no specific issues, and called upon the court to make a thorough review of the entire record to determine for itself whether there were any arguable issues. Counsel also submitted a declaration stating that he had advised defendant of the nature of the brief, that he would send defendant a copy of the brief, and that he had informed defendant that the court would permit him to file a brief on his own behalf. Counsel also stated that he was not requesting to withdraw but that he would advise defendant that he could move to have counsel relieved if he so desired." (*People v. Wende, supra,* 25 Cal.3d at p. 438.) The Court of Appeal dismissed the appeal without conducting a review of the entire record. (*Ibid.*) The People argued that the Court of Appeal was not required to review the entire record because, unlike in *Anders,* the defendant had not filed a brief in propria persona. (*Id.* at p. 440.)

We held that the Court of Appeal must "conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous. This obligation is triggered by the receipt of such a brief from counsel and does not depend on the subsequent receipt of a brief from the defendant personally." (*People v. Wende, supra,* 25 Cal.3d at pp. 441–442.) We further held that counsel was not required to seek leave to withdraw "so long as he has not described the appeal as frivolous and has informed the defendant that he may request the court to have counsel relieved if he so desires." (*Id.* at p. 442, fn. omitted.) This court reviewed the entire record and found no arguable issues. We declined to dismiss the appeal, stating: "In view of the fact that we have made a thorough review of

the merits and have heard argument on the case, we deem it appropriate to affirm the judgment rather than to dismiss the appeal as frivolous. Once the record has been reviewed thoroughly, little appears to be gained by dismissing the appeal rather than deciding it on its merits." (*Id.* at p. 443.)

We later considered in *People v. Kelly* (2006) 40 Cal.4th 106 [51 Cal.Rptr.3d 98, 146 P.3d 547] the obligations of the appellate court in a criminal case when appointed counsel files a *Wende* brief, the defendant then personally files a letter or supplemental brief, but the court determines nonetheless there are no arguable issues. We held that the appellate court must address the defendant's contentions in a written opinion: "We conclude that a decision affirming the judgment in a *Wende* appeal disposes of a cause within the meaning of article VI, section 14, of the California Constitution, and therefore must be in writing with reasons stated.[1] Because the defendant in a *Wende* appeal has a right to file supplemental contentions, the Court of ·Appeal must consider these contentions in the course of disposing of the cause. Therefore, to comply with the constitutional mandate, the opinion must reflect the defendant's contentions and the reasons that they fail." (40 Cal.4th at pp. 109–110.) We reasoned that "when a Court of Appeal affirms a judgment in a *Wende* appeal in which the defendant has filed supplemental contentions, the appellate court necessarily must have considered and rejected those contentions. In accordance with the constitutional requirement of 'reasons stated,' such an opinion must reflect the contentions and the reasons that they fail, just as the opinion would reflect these points if they were raised by counsel." (*Id.* at p. 120.)

In *In re Sade C., supra,* 13 Cal.4th at pages 981–982, however, we held that the procedures required in criminal appeals by our decision in *Wende* are not required in an appeal from an order of the juvenile court affecting parental rights. *Sade C.* arose from two appeals from indigent parents for whom counsel had been appointed. Appointed counsel in each case filed a brief that summarized the procedural and factual history of the case but raised no arguable issues and asked the court to " 'independently review the entire record on appeal' " for any arguable issue. (*Id.* at pp. 962, 964, 965.) In each case, counsel had advised the parent that he or she could " 'file a supplemental brief with the court within 30 days,' " but neither parent filed such a brief. (*Id.* at p. 962; see also *id.* at pp. 964–965.) The Court of Appeal declined to conduct an independent review of the record in each case and dismissed the appeals as abandoned. We affirmed the judgment of the Court of Appeal.

██ Although we recognized that an indigent parent has a fundamental " 'liberty interest . . . in the care, custody, and management of' his child," and

---

[1] Article VI, section 14 of the California Constitution states, in part: "Decisions of the Supreme Court and courts of appeal that determine causes shall be in writing with reasons stated."

thus has a derivative liberty interest "in the 'accuracy and justice' [citations] of the resolution of his appeal," we also observed "that the appealed-from decision, which is adverse to the parent and is predicated on detriment he caused or allowed his child to suffer, is presumptively accurate and just. [Citation.]" (*In re Sade C., supra*, 13 Cal.4th at pp. 987–988.) Further, the child has an important liberty interest "in a 'normal family home' " that may conflict with the parent's interests. (*Id.* at p. 988.) "What the parent wants or needs is not necessarily what the child wants or needs." (*Id.* at p. 989.) We observed: " 'There is little that can be as detrimental to a child's sound development as uncertainty over whether he is to remain in his current "home," . . . especially when such uncertainty is prolonged.' [Citation.]" (*Id.* at p. 988.) We relied, in part, on the state's interest in expediting juvenile proceedings, noting that "[p]roceedings such as these 'must be concluded as rapidly as is consistent with fairness . . . .' [Citation.] A 'period of time' that 'may not seem . . . long . . . to an adult . . . can be a lifetime to a young child.' [Citation.] 'Childhood does not wait . . . .' " (*Id.* at p. 990.)

We recognized that there was a risk that dispensing with the prophylactic procedures required in criminal appeals by the decisions in *Anders* and *Wende* could lead to an erroneous resolution of the indigent parent's appeal, but concluded: "As a practical matter, we believe that the chance of error is negligible." (*In re Sade C., supra*, 13 Cal.4th at p. 990.) We recounted that "our consideration of the many cases that have come before us on petition for review reveals that appointed appellate counsel faithfully conduct themselves as active advocates in behalf of indigent parents. This causes no surprise: the attorneys are enabled, and indeed encouraged, to effectively represent their clients . . . ." (*Ibid.*) We noted the statement of Division One of the Fourth Appellate District of the Court of Appeal that in more than a decade the court had " 'discovered, to the best of our present recollection, *no* unbriefed issues warranting further attention.' [Citation.]" (*Ibid.*) We concluded, therefore, that the value of applying the procedures required by our decision in *Wende* in criminal appeals to appeals affecting an indigent parent's parental rights were "too slight to compel their invocation." (*Id.* at p. 991.)

We thus held in *Sade C.* that the Court of Appeal properly dismissed the indigent parents' appeals. Unlike in a criminal case in which an indigent defendant's first appeal as of right remains a "cause" that must be resolved in a written opinion "with reasons stated" even after appointed counsel files a *Wende* brief (*People v. Kelly, supra*, 40 Cal.4th 106, 119–120), we held that the Court of Appeal could dismiss an indigent parent's appeal if appointed counsel filed a brief raising no arguable issues. (*In re Sade C., supra*, 13 Cal.4th at p. 994.)

In light of our decision in *Sade C.*, the parent in the present case, M.H., does not argue, and could not reasonably argue, that the Court of Appeal

erred in denying her request that the court independently review the entire record for error. But relying upon a footnote in our decision in *Conservatorship of Ben C., supra,* 40 Cal.4th 529 *(Ben C.),* M.H. argues that the Court of Appeal was required to permit her to personally file an additional brief.

We held in *Ben C., supra,* 40 Cal.4th 529, 535, that the procedures required by our decision in *Wende* do not apply to an appeal from the imposition of a conservatorship under the Lanterman-Petris-Short Act (Welf. & Inst. Code, § 5000 et seq.). Having concluded that the procedures described in our decision in *Wende* did not apply, we offered "the following guidance for the Courts of Appeal. If appointed counsel in a conservatorship appeal finds no arguable issues, counsel need not and should not file a motion to withdraw. Instead, counsel should (1) inform the court he or she has found no arguable issues to be pursued on appeal; and (2) file a brief setting out the applicable facts and the law. Such a brief will provide an adequate basis for the court to dismiss the appeal on its own motion." *(Ben C.* at p. 544, fns. omitted.) In a footnote, we added: "The conservatee is to be provided a copy of the brief and informed of the right to file a supplemental brief." *(Id.* at p. 544, fn. 6.)

We did not explain the basis for requiring that the conservatee in *Ben C.* be permitted to personally file a supplemental brief, but Chief Justice George concluded in his dissent that the court relied upon its supervisory powers, observing that "it appears that the majority has decided to exercise this court's supervisory powers to impose upon the Courts of Appeal all of the *Anders/Wende* procedures except the requirement that the appellate court review the record." *(Ben C., supra,* 40 Cal.4th at p. 555 (dis. opn. of George, C. J.).)

■ The state's interest in expediting juvenile proceedings in order to promptly achieve a permanent placement for the child causes us to reach a different conclusion in this case than we did in *Ben C.* As we did in the conservatorship proceedings at issue in *Ben C.,* we direct the Court of Appeal that appointed counsel for a parent in an appeal from an order of the juvenile court affecting parental rights who finds no arguable issues need not and should not file a motion to withdraw, but should (1) inform the court he or she has found no arguable issues to be pursued on appeal, (2) file a brief setting out the applicable facts and the law, and (3) provide a copy of the brief to the parent. But unlike in the conservatorship proceedings at issue in *Ben C.,* the Court of Appeal is not required to permit the parent to file an additional brief absent a showing of good cause. When an appellant is being held pursuant to a conservatorship under the Lanterman-Petris-Short Act, it does no harm to permit the conservatee to file a supplemental brief. The delay that would result affects only the conservatee who has chosen to file an additional brief. The same is not true in an appeal like the one in the present

case from a juvenile court order terminating parental rights "where a child may be awaiting resolution of his or her status and is being denied a final, stable placement . . . ." (*Ben C.*, *supra*, 40 Cal.4th at p. 548 (dis. opn. of George, C. J.).)

■ Unnecessary delay must be avoided in an appeal from a juvenile court order terminating parental rights, to protect the child's interest in securing a permanent placement as soon as possible. For this reason, appeals by parents from orders of the juvenile court terminating parental rights are given priority. (Welf. & Inst. Code, § 395, subd. (a)(1) ["The appeal shall have precedence over all other cases in the court to which the appeal is taken."].) The reason for expediting such proceedings is that the child cannot be adopted until the appeal is final. (Welf. & Inst. Code, § 366.26, subd. (b)(1) ["The court shall proceed with the adoption after the appellate rights of the natural parents have been exhausted."]; *id.*, § 366.26, subd. (j) ["a petition for adoption may not be granted until the appellate rights of the natural parents have been exhausted"].)

The delay that would ensue from requiring the Court of Appeal to permit an indigent parent to personally file a brief after appointed counsel has determined there are no arguable issues, absent a showing of good cause, would not be justified by an increase in fairness or accuracy of the proceedings. As noted above, once appointed counsel for an indigent parent has concluded there are no arguable issues, "the chance of error is negligible" and the value of applying the procedures required by our decision in *Wende* in criminal appeals is "too slight to compel their invocation." (*In re Sade C.*, *supra*, 13 Cal.4th at pp. 990, 991.) Similarly, any value in requiring the Court of Appeal to permit an indigent parent to personally file a brief after appointed counsel has concluded there are no arguable issues, absent a showing of good cause, is too slight to justify the delay in securing a permanent placement for the child.

Accordingly, we do not exercise our supervisory powers to require the Court of Appeal to permit an indigent parent who has appealed from an order of the juvenile court affecting his or her parental rights to personally file a brief whenever appointed counsel files a brief raising no issues. Instead, we hold that the Court of Appeal has the discretion to permit the parent to personally file a brief and must do so only upon a showing of good cause that an arguable issue does, in fact, exist.

■ M.H. argues that the Court of Appeal denied her meaningful access to the court by refusing her request to personally file a brief, citing our decisions in *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179] and *Payne v. Superior Court* (1976) 17 Cal.3d 908 [132 Cal.Rptr. 405, 553 P.2d 565]. M.H. acknowledges that "[o]rdinarily a litigant

represented by counsel has access to the court through counsel and thus has no right also to submit pro per filings" (see *In re Barnett* (2003) 31 Cal.4th 466, 471–473 [3 Cal.Rptr.3d 108, 73 P.3d 1106]), but argues that "counsel's primary role is to *challenge the judgment*," and an attorney who files a brief raising no issues is unable to fulfill that function. According to M.H., this leaves the parent "effectively unrepresented." We are not persuaded.

■ Counsel appointed to represent an indigent parent on appeal from a ruling affecting parental rights does not have an obligation to challenge the judgment if there is no colorable basis for such a challenge. As we noted in *Sade C.*, to challenge a judgment the appellant "must raise claims of reversible error or other defect [citation] and 'present argument and authority on each point made' [citations]." (*In re Sade C.*, *supra*, 13 Cal.4th at p. 994.) Counsel cannot create a basis for challenging the judgment where none exists, and neither can the parent. If appointed counsel has determined there is no arguable basis for challenging the judgment, the Court of Appeal is not required to permit the parent to personally file a brief unless the parent can establish good cause by showing that an arguable issue does, in fact, exist. The Court of Appeal is not required to permit the parent to pursue an appeal that has no arguable merit.

M.H. briefly argues that "equal protection rights are implicated in the denial of a parent's right to personally file a supplemental brief when her appellate counsel raises no issues," stating, without explanation or citation to authority, that "[e]qual protection principles prohibit disparate treatment of juvenile dependency, criminal, and conservatorship appellants in their access to the courts." " 'An appellate court cannot assume the task of discovering the error in a ruling and it is the duty of counsel by argument and the citation of authority to show the reasons why the rulings complained of are erroneous. Contentions supported neither by argument nor by citation of authority are deemed to be without foundation and to have been abandoned.' [Citations.]" (*Bradley v. Butchart* (1933) 217 Cal. 731, 747 [20 P.2d 693].)

■ In any event, no violation of equal protection appears. The circumstance that a criminal defendant whose appointed counsel has filed a *Wende* brief is permitted to personally file a supplemental brief does not mean that an indigent parent such as M.H. must be afforded a similar right in an appeal from a ruling affecting parental rights. We held in *Sade C.* that equal protection principles do not mandate that the procedures required by our decision in *Wende* in criminal appeals apply to an appeal from an order of the juvenile court affecting parental rights. (*In re Sade C.*, *supra*, 13 Cal.4th at p. 991.) "Criminal defendants and parents are *not* similarly situated. By definition, criminal defendants face punishment. Parents do not. [Citation.]" (*Ibid.*)

Nor is M.H. denied equal protection of the law by the circumstance that our decision in *Ben C.* directs the Courts of Appeal to permit a conservatee on appeal from the imposition of a conservatorship under the Lanterman-Petris-Short Act to file a supplemental brief when appointed counsel has found no arguable issues. A conservatee under the act is not similarly situated to a parent whose parental rights have been affected by an order of the juvenile court. As Chief Justice George observed in his dissent in *Ben C.*: "The private interests at stake in an LPS conservatorship proceeding are greater than those involved in a parental rights termination proceeding . . . ." (*Ben. C.*, *supra*, 40 Cal.4th 529, 547 (dis. opn. of George, C. J.).)

Citing *In re Mary G.* (2007) 151 Cal.App.4th 184 [59 Cal.Rptr.3d 703], M.H. argues she was denied equal protection of the law because "appellate courts around the state have adopted different procedures to follow when appointed counsel determines that there are no appealable issues under *Sade C.*" The decision in *Mary G.* does not assist M.H. In *Mary G.*, a father who had voluntarily acknowledged paternity in Michigan was denied the status of a presumed parent even though he would have qualified as a presumed parent had he signed an identical form in California. The Court of Appeal held that the father was denied equal protection of the law because "the disparate treatment . . . is based solely on geography, and location of a father inside or outside the state bears no more relation to the purposes of the presumed father statute than differing locations of fathers within California." (*Id.* at p. 200.) Unlike the father in *Mary G.*, who was entitled to presumed parent status upon filing a proper acknowledgement of paternity either inside or outside California, M.H. was entitled to personally file a brief only upon a showing of good cause. Because M.H. made no such showing, the Court of Appeal did not abuse its discretion. (Cf. *People v. Wilkinson* (2004) 33 Cal.4th 821, 838 [16 Cal.Rptr.3d, 94 P.3d 551] [exercise of a prosecutor's discretion does not violate equal protection principles].)

Appointed counsel in the present case filed a brief raising no issues and the Court of Appeal properly declined to permit the parent to personally file a brief because the parent failed to make a showing of good cause that an arguable issue does, in fact, exist. The court then properly dismissed the appeal on its own motion. (*Ben C.*, *supra*, 40 Cal.4th at p. 544; *In re Sade C.*, *supra*, 13 Cal.4th at p. 994.)

### DISPOSITION

The judgment of the Court of Appeal is affirmed.

George, C. J., Baxter, J., Werdegar, J., Chin, J., and Corrigan, J., concurred.

**KENNARD, J.,** Dissenting.—In California, a parent whose parental rights have been terminated by the superior court has a statutory right to appeal that

decision. (Welf. & Inst. Code, § 395.)[1] If the parent cannot afford appellate counsel, one will be appointed. (Fam. Code, § 7895.) When the parent's appellate counsel finds no arguable issue, does the parent have the right to personally file a brief challenging the trial court's decision? The majority answers "no," further holding that when appointed counsel has raised no claim of error the parent's appeal may be dismissed as abandoned. I disagree, as these holdings in effect nullify the parent's statutory right to appeal.

## I

The San Diego juvenile court terminated M.H.'s parental rights to her children—two-year-old Phoenix and one-year-old Dakota—choosing adoption as the permanent plan for the children. (§ 366.26, subd. (b)(1).) M.H. appealed. Because she was indigent, she asked the Court of Appeal to appoint counsel for her. The court did so.

M.H.'s appointed counsel filed with the Court of Appeal a document entitled "Appellant's Opening Brief." The document summarized the facts of the case and mentioned some potential claims that counsel had investigated, with citations to relevant case law. But counsel did not raise a single argument on behalf of her client, M.H., instead stating there were "no arguable issues." Counsel asked the Court of Appeal to "conduct an independent review of the entire record on appeal for arguable issues of error in the court below." This is a procedure that the Court of Appeal must perform when, in a *criminal* case, the appealing defendant's appointed counsel notifies the court that counsel has found no arguable issues. (*Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493, 87 S.Ct. 1396]; *People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071].) But this procedure need not be followed when, as here, the appeal involves parental rights. (*In re Sade C.* (1996) 13 Cal.4th 952, 984 [55 Cal.Rptr.2d 771, 920 P.2d 716]; but see *id.* at p. 999 (dis. opn. of Kennard, J.) [expressing my view that the *Anders/Wende* procedure is "implicitly included in California's statutory scheme" governing parental rights appeals].) Appellate counsel here also asked the Court of Appeal to allow M.H. to submit within 30 days her own brief challenging the superior court's decision terminating her parental rights.

The Court of Appeal rejected M.H.'s counsel's request that it review the record for error. And the court held that it had "inherent discretion" to allow M.H. to file a brief but saw "no reason to allow it in this case." The court then dismissed the appeal. Although the Court of Appeal did not explain the reasons for the dismissal, presumably it concluded that M.H. had abandoned her appeal because her appointed appellate counsel had raised no claims of error on her behalf. This court granted M.H.'s petition for review.

---

[1] Unless otherwise stated, all statutory citations are to the Welfare and Institutions Code.

## II

As mentioned at the outset, a parent whose parental rights have been terminated by the superior court has a statutory right to appeal that decision. (§ 395.) The filing of an opening brief is a precondition to appellate review of the merits of a trial court order or judgment: California's Rules of Court provide that "[e]ach appellant must serve and file an appellant's opening brief." (Cal. Rules of Court, rule 8.200(a)(1).) Failure to do so may be considered an abandonment of the appeal, resulting in its dismissal. (See generally *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544 & fn. 8 [53 Cal.Rptr.3d 856, 150 P.3d 738]; *In re Sade C., supra*, 13 Cal.4th at p. 994.)

According to the majority here, appealing parent M.H. did file an opening brief—that was indeed the label on the document filed by her appointed counsel, who found no arguable issues. Thus, the majority reasons, the request that M.H. herself be allowed to file her own brief was nothing more than a request to file an *additional* brief, a matter entirely within the discretion of the Court of Appeal. (See Cal. Rules of Court, rule 8.200(a)(4) [a supplemental brief "may be filed . . . with the permission of the presiding justice"].) I do not share this view. As I explain below, the document at issue, which did not raise a single claim of error, was not in actuality an opening brief. Hence, M.H.'s request that she be allowed to file her own appellate brief was in essence a request to file an opening brief arguing why the superior court's decision was wrong in terminating her parental rights.

A brief is a "written statement setting out the legal contentions of a party in litigation, esp. on appeal; a document prepared by counsel as the basis for arguing a case, consisting of legal and factual arguments and the authorities in support of them." (Black's Law Dict. (8th ed. 2004) p. 204.) An appellate brief should make " '*a fair and sincere effort to show that the trial court was wrong.*' " (*Gold v. Maxwell* (1959) 176 Cal.App.2d 213, 217 [1 Cal.Rptr. 226], italics added.) Here, the document filed by M.H.'s appointed appellate counsel raised no "legal contentions" and made no "legal and factual arguments" (Black's Law Dict., *supra*, at p. 204) in an "effort to show that the trial court was wrong" (*Gold, supra*, at p. 217) in terminating M.H.'s parental rights.[2] As respondent San Diego County Health and Human Services Agency acknowledged at oral argument in response to my inquiry, what M.H.'s appellate counsel filed was not an opening brief but "simply a notification to the Court of Appeal that after a review of the record appellate counsel was not able to identify any issues."

By denying M.H. permission to argue—after her appointed appellate counsel's determination that there were no claims of error to raise—that the

---

[2] I do not fault M.H.'s appointed appellate counsel for not raising any claims of error; in her professional judgment there were no arguable issues.

superior court was wrong in terminating her parental rights, and by then dismissing her appeal on the ground that her counsel had raised no claims of error on her behalf, the Court of Appeal effectively nullified M.H.'s statutory right to appeal.

Moreover, there is a possible constitutional concern at issue here. An appellate court's resolution of an appeal must be "in writing with reasons stated." (Cal. Const., art. VI, § 14.) When an appealing party does not " 'raise claims of reversible error or other defect' " (*Conservatorship of Ben C., supra,* 40 Cal.4th at p. 544, fn. 8), the Court of Appeal may dismiss the appeal as abandoned without violating this constitutional provision (*id.* at p. 544). Here, however, M.H. did not abandon her appeal, for she specifically asked for permission to file a brief raising such claims. That request was denied. Thus, the Court of Appeal erred in dismissing M.H.'s appeal without the careful examination and reasoned opinion that this constitutional provision requires. (See *People v. Kelly* (2006) 40 Cal.4th 106, 120 [51 Cal.Rptr.3d 98, 146 P.3d 547] [requirement that appeals be resolved in writing with reasons stated promotes "a careful examination of each case and a result supported by law and reason"].)

For the reasons stated above, I would reverse the judgment of the Court of Appeal, and I would direct that court to permit M.H. to file an appellant's opening brief, and to decide the merits of any claims she raises "in writing with reasons stated." (Cal. Const., art. VI, § 14.)

Appellant's petition for a rehearing was denied February 10, 2010, and the opinion was modified to read as printed above. Kennard, J., was of the opinion that the petition should be granted.