Filed 9/22/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re MICHAEL H., JR., et al., | B249243 |
| Persons Coming Under the Juvenile Court Law. | (Los Angeles County Super. Ct. No. ATRJ-01) |

| |
|---|
| MICHAEL H., SR., |
| Plaintiff and Appellant, |
| v. |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, |
| Defendant and Respondent. |

APPEALS from orders of the Superior Court of Los Angeles County, Margaret Henry, Judge.  Appeals dismissed.

Michael H., Sr., in pro. per., for Plaintiff and Appellant.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, and Kim Nemoy, Principal Deputy County Counsel, for Defendant and Respondent.

_____

## INTRODUCTION

The dependency statutes authorize designated social workers to petition the juvenile court to declare a child a dependent of the court. These statutes also permit private individuals, including a parent, to petition the social worker to file a dependency petition. If, after conducting an investigation, the social worker declines to do so, the concerned individual can seek review of that decision in the juvenile court. If the juvenile court affirms the social worker's decision, no dependency petition is filed. Is that decision of the juvenile court an appealable order? We conclude it is not, and therefore dismiss a father's appeals from two orders affirming the decisions of social workers not to commence dependency proceedings on behalf of his sons.

## FACTUAL AND PROCEDURAL BACKGROUND

A.     *The Family*

Michael H., Sr., (Michael H.) and his former wife, Kelly J.,[1] are the parents of Michael H., Jr., (Michael) and Quincy H. (Quincy). The parents have a history of domestic violence and live separately. In June 2010 the family law court awarded the parents joint legal and physical custody of the children and specified the times the children could be with each parent.

B.     *The Prior Dependency Proceedings*

In April 2010 the Los Angeles County Department of Children and Family Services (Department) received a referral alleging that Kelly J. had physically abused Michael.[2] The Department received a similar referral in May 2010, which included an

---

[1]     Kelly J., also referred to as Kelly H. in the record, is not a party to this appeal.

[2]     The Department previously found that a November 2005 referral alleging general neglect by Kelly J. and a November 2006 referral alleging physical abuse by Kelly J.

2

allegation that Kelly J. had used a belt with studs, a wooden spoon, and a paddle to discipline her children. The Department offered Michael H. and Kelly J. voluntary family maintenance services, but both parents refused. During the course of its investigation, the Department confirmed that both parents disciplined Michael with corporal punishment. At a team meeting the Department concluded that the children would remain in the home of their parents under the existing family law order, directed the parents not to use corporal punishment, and determined that the Department would file a dependency petition. On August 27, 2010 the Department filed a petition pursuant to Welfare and Institutions Code[3] section 300, subdivisions (a), (b), and (j), on behalf of Michael and Quincy, who then were seven and six years old, respectively, but did not detain the children.

On September 1, 2010 the juvenile court determined that the Department had made a prima facie showing that Michael and Quincy were persons described by subdivisions (a), (b), and (j) of section 300. The juvenile court ruled that it would defer to the family law court with respect to educational issues, visitation, and primary placement, and that it intended to follow the visitation schedules ordered by the family law court. The juvenile court therefore released the children to their parents in accordance with the terms of the family law order.

On September 10, 2010 the family law court granted Kelly J. primary custody of Michael and Quincy. The court granted Michael H. visitation and ordered him to pay child support.

On October 21, 2010 the Department filed a first amended petition alleging that Michael H. and Kelly J. had physically abused their sons by disciplining them inappropriately and that Michael H. and Kelly J. "have a history of engaging in violent altercations." The Department further alleged that Michael H. and Kelly J. had an

_____

were "unfounded." In October 1999 the Department substantiated a referral alleging physical abuse by Michael H. against a daughter from a previous relationship.

[3]     All undesignated statutory references are to the Welfare and Institutions Code.

3

unresolved history of volatile and serious conflicts and that Michael H. had "demonstrated behaviors consistent with a disturbing and unstable obsession regarding" Kelly J.[4]

On May 23, 2011 the juvenile court dismissed the first amended complaint without prejudice prior to adjudication. Michael H. appealed. On November 22, 2011 this court dismissed Michael H.'s appeal pursuant to *In re Phoenix H.* (2009) 47 Cal.4th 835 and *In re Sade C.* (1996) 13 Cal.4th 952, after his court-appointed attorney had advised that she could not identify any arguable issues and after Michael H. had filed a supplemental brief that failed to identify any legally cognizable error in the juvenile court's order. (*In re Michael H., Jr., et al.*, case No. B233955.)

On June 22, 2012 Michael H. filed a petition pursuant to section 388 asking the juvenile court to grant him sole physical custody of Michael and Quincy, with Kelly J. to have monitored visitation. The court denied the petition, finding that the requested change was not in the best interests of the children, and Michael H. appealed. On November 26, 2012 this court dismissed his appeal pursuant to *In re Phoenix H.*, *supra*, 47 Cal.4th 835 and *In re Sade C.*, *supra*, 13 Cal.4th 952. (*In re Michael H., Jr., et al.*, case No. B243542.)

---

[4] The Department further alleged that Michael H.'s obsession "includ[ed] . . . authoring, publishing and distributing a book titled 'Why husbands kill their wives and boyfriends beat their girlfriends[.']  Further the book documents the father's unstable and disturbing behavior, such as the father standing over the mother while contemplating killing her.  Additionally, the father used unauthorized photographs of the mother throughout the book and continues promoting the distribution of the book without the consent of the mother and on or about 10/16/2010[,] the father was seen distributing the book in public.  On a prior occasion, the father choked the mother and struck the mother's face with the father's hands, resulting in redness to the mother's face.  Such disturbing, unstable and violent conduct by the father against the mother endangers the children's physical and emotional health and safety and places the children at risk of physical and emotional harm, damage and danger."

In December 2012 Michael H. submitted applications pursuant to section 329 asking the Department to commence dependency proceedings on behalf of his sons. The record in this appeal does not disclose the resolution of those applications.

C.      *The Current Proceedings*

In February 2013 Michael H. filed another application pursuant to section 329. In his supporting declaration he described his concerns about Kelly J.'s parenting style, including her use of corporal punishment and lack of continuous supervision.

Children's Social Worker (CSW) Marquita Johnson decided not to commence proceedings as requested by Michael H. She explained that, after considering Michael H.'s second section 329 application, she "decided not to commence proceedings in juvenile court on these allegations because: [¶] A thorough investigation was conducted which included numerous interviews and a review of the case file. The Department interviewed the children, mother, father, and a neighbor regarding the current allegations and any other abuse or neglect issues. Although the family has a history in both family law and juvenile dependency court, the results of the investigation are that there is an insufficient basis to file a [section] 300 petition at this time."

On March 21, 2013 the juvenile court received Michael H.'s application pursuant to section 331 to review CSW Johnson's decision not to file a section 300 petition. On April 23, 2013 the trial court affirmed CSW Johnson's decision. Michael H. timely appealed from this order.

On May 22, 2013 Michael H. filed a third set of section 329 applications asking the Department to commence dependency proceedings on behalf of Michael and Quincy. These applications are not in the record on appeal.

On June 26, 2013 CSW Lisette Ruggiero decided not to commence dependency proceedings in the juvenile court because "[t]here were no indications of abuse or neglect found for the children in the home" and there were "[n]o marks, injuries or any other signs to show children at risk with Mother." CSW Ruggiero explained that she "responded to [the] 3rd [section] 329 on this referral received by the [Department] on

5

5/22/13. CSW interviewed mother and children multiple times regarding allegations of abuse and neglect in current referral. The Department did not find any evidence to support the filing of [section] 300 and no issues of concern regarding the well being of the children to warrant opening a Voluntary or Court case. This referral will be closed Unfounded as to any abuse or neglect for the children in the home."

On July 5, 2013 the juvenile court received Michael H.'s section 331 application to review CSW Ruggiero's decision not to commence proceedings. On July 30, 2013 the court affirmed CSW Ruggiero's decision. Michael H. timely appealed from the court's July 30, 2013 order.[5] The notices of appeal from the April 23, 2013 and the July 30, 2013 orders have the same case number in this court, B249243.

## DISCUSSION

"A proceeding in the juvenile court to declare a child to be a dependent child of the court is commenced by the filing with the court, by the social worker, of a petition . . . ." (§ 325; see § 215 [the term "social worker" includes "any social worker in a county welfare department"]; *In re Paul W.* (2007) 151 Cal.App.4th 37, 60 ["'[a] juvenile dependency petition can only be filed by a public agency'"].) A private individual who is concerned about the well-being of a child may bring that concern to the attention of a social worker by filing an application pursuant to section 329. (*In re M.C.* (2011) 199 Cal.App.4th 784, 791; see *In re Lauren P.* (1996) 44 Cal.App.4th 763, 768 ["[a] parent or other person who believes the agency should file a petition can apply to the agency, showing facts that would support dependency jurisdiction"].) Section 329 provides: "Whenever any person applies to the social worker to commence proceedings

---

**5** On September 3, 2013 Michael H. filed a petition for a writ of mandate asking this court to compel the juvenile court to rule on his July 5, 2013 application to review the CSW's decision not to commence dependency proceedings. (*Michael H., Sr. v. Superior Court*, case No. B250981.) On September 20, 2013, after considering the petition and the Department's opposition, this court denied the petition.

6

in the juvenile court, the application shall be in the form of an affidavit alleging that there was or is within the county, or residing therein, a child within the provisions of Section 300, and setting forth facts in support thereof.  The social worker shall immediately investigate as he or she deems necessary to determine whether proceedings in the juvenile court should be commenced.  If the social worker does not take action under Section 301 and does not file a petition in the juvenile court within three weeks after the application, he or she shall endorse upon the affidavit of the applicant his or her decision not to proceed further, including any recommendation made to the applicant, if one is made, to consider commencing a probate guardianship for the child, and his or her reasons therefor and shall immediately notify the applicant of the action taken or the decision rendered by him or her under this section.  The social worker shall retain the affidavit and his or her endorsement thereon for a period of 30 days after notifying the applicant."[6]

If the social worker does not file a dependency petition on behalf of the child, the private individual may seek review of the social worker's decision in the juvenile court. Section 331 provides:  "When any person has applied to the social worker, pursuant to Section 329, to commence juvenile court proceedings and the social worker fails to file a petition within three weeks after the application, the person may, within one month after making the application, apply to the juvenile court to review the decision of the social worker, and the court may either affirm the decision of the social worker or order him or her to commence juvenile court proceedings."  (See *In re Kaylee H.* (2012) 205 Cal.App.4th 92, 102 ["[i]f the social worker has not filed a petition within three weeks, the juvenile court has the authority under section 331 to *independently* review the social worker's decision not to file a section 300 petition"]; *In re M.C.*, *supra*, 199 Cal.App.4th

---

**6**     California Rules of Court, rule 5.520(c) provides:  "Any person may apply to the social worker . . . to commence proceedings.  The application must be in the form of an affidavit alleging facts showing the child is described in section[] 300 . . . .  The social worker . . . must proceed under section[] 329 . . . .  The applicant may seek review of a decision not to file a petition by proceeding under section 331 . . . ."

at p. 813 [section 331 "simply provides some additional measure of protection to ensure an abused or neglected child does not slip through the cracks"].)[7]

"Under section 331 the juvenile court makes an independent assessment to determine *whether there is a prima facie showing the child comes within section 300 and whether a dependency petition is required to protect the child.*" (*In re Kaylee H.*, *supra*, 205 Cal.App.4th at p. 104, fn. omitted.) "In determining whether there is the requisite showing, the juvenile court must receive and consider any affidavit filed under section 329 and the social worker's endorsement stating his or her reasons for declining to file a petition. In addition, the juvenile court may consider evidence in the form of investigative reports by the social worker, declarations and, if necessary, witness testimony. [Citation.] After reviewing the affidavits and other evidence, the juvenile court may either affirm the social worker's decision not to commence juvenile court proceedings or order the social worker to file a section 300 petition on behalf of the child. [Citations.] In so doing, the juvenile court should give due consideration to the social worker's determination and may properly rely upon the Agency's expertise for guidance. [Citation.]" (*Ibid.*)

While the juvenile court's decision to order a social worker to file a dependency petition can be reviewed on appeal from the dispositional order (*In re M.C.*, *supra*, 199 Cal.App.4th at p. 801), no court has yet to decide whether an order affirming the social worker's decision not to file a dependency petition is appealable. In *In re M.C.* the court "express[ed] no opinion on whether an order *affirming* the social worker's decision not to initiate dependency proceedings is separately appealable." (*Id.* at p. 802, fn. 12.)[8]

---

**7** The juvenile court's authority to direct a social worker to file a section 300 petition does not violate the separation of powers doctrine or article III, section 3, of the California Constitution. (*In re M.C.*, *supra*, 199 Cal.App.4th at pp. 813-815.)

**8** Pursuant to Government Code section 68081, we gave the parties an opportunity to submit supplemental briefs regarding the appealability of the juvenile court's April 23, 2013 and July 30, 2013 orders affirming the decision of the social worker not to commence dependency proceedings.

Because the right to appeal is strictly statutory, a judgment or order is not appealable unless a statute expressly makes it appealable.  (*People v. Mena* (2012) 54 Cal.4th 146, 152; *In re Q.N.* (2012) 211 Cal.App.4th 896, 904; *In re T.C.* (2012) 210 Cal.App.4th 1430, 1433.)  "Appeals in dependency proceedings are governed by section 395 . . . ."  (*In re M.C.*, *supra*, 199 Cal.App.4th at p. 801; see *In re Aaron R.* (2005) 130 Cal.App.4th 697, 702.)[9]  Section 395 provides in pertinent part that "[a] judgment in a proceeding under Section 300 may be appealed in the same manner as any final judgment, and any subsequent order may be appealed as an order after judgment. . . ." (§ 395, subd. (a)(1); see *In re S.B.* (2009) 46 Cal.4th 529, 532 ["[t]he dispositional order is the 'judgment' referred to in section 395"].)

"'Juvenile dependency law does not abide by the normal prohibition against interlocutory appeals . . . .' [Citation.]"  (*In re T.G.* (2010) 188 Cal.App.4th 687, 692.) "[T]he general rule in juvenile dependency cases is that all orders (except for an order setting a section 366.26 hearing), starting chronologically with the dispositional order, are appealable *without limitation*."  (*In re Gabriel G.* (2005) 134 Cal.App.4th 1428, 1435; see *In re T.W.* (2011) 197 Cal.App.4th 723, 729 ["[t]he first appealable order in a dependency case is the dispositional order"]; *In re T.G.*, *supra*, at p. 692 [post-dispositional dependency orders with the exception of order setting a section 366.26

---

**9**      Thus, Michael H.'s statement in his opening brief that his appeal is "authorized by . . . Code of Civil Procedure, section 904.1, subdivision (a)(1)," is incorrect.  (See *In re Daniel K.* (1998) 61 Cal.App.4th 661, 668 ["'under the rule that a special statute dealing expressly with a particular subject controls and takes priority over a general statute [citations], section [395], and not [C]ode of Civil Procedure section [904.1], is the one which must be looked to with respect to appeals under the Juvenile Court Law'"]; *In re Tomi C.* (1990) 218 Cal.App.3d 694, 698, fn. 3 ["[w]hile Code of Civil Procedure section 904.1 is the general appeal statute in civil cases, because section 395 is a specific statute with regard to section 300 proceedings, it takes precedence over the general statute"].)  We note, however, that "section 395 'should be interpreted to be in harmony, to the extent possible, with basic appellate principles" (*In re Cassandra B.* (2004) 125 Cal.App.4th 199, 208), and that the "basic appellate principles codified in Code of Civil Procedure sections 901 through 923 apply in juvenile dependency proceedings, at least to the extent not inconsistent therewith" (*In re Natasha A.* (1996) 42 Cal.App.4th 28, 39).

hearing are appealable].)  Therefore "juvenile dependency proceedings are proceedings of an ongoing nature and often result in multiple appealable orders."  (*Sheila S. v. Superior Court* (2000) 84 Cal.App.4th 872, 879.)

As for *pre*-dispositional orders, at least one such order is appealable: an order dismissing a dependency petition after an adjudication of the petition on the merits.  (See *In re Andrew A.* (2010) 183 Cal.App.4th 1518, 1525, fn. 4; *In re Lauren P.*, *supra*, 44 Cal.App.4th at pp. 767-768.)  Such a dismissal results from the juvenile court's determination that the Department has failed to prove the allegations of the petition and the need for exercising juvenile court jurisdiction over the child or children named in the petition.  An order dismissing a dependency petition is appealable because, "[u]nlike a jurisdiction order, which is followed by an adjudication of dependency and many possible subsequent orders, nothing follows a dismissal order:  It is the end of the matter, and the child goes home."  (*In re Sheila B.* (1993) 19 Cal.App.4th 187, 197, fn. omitted.)

Of course, where the juvenile court affirms a social worker's decision not to commence dependency proceedings in the first instance, "nothing follows" such an order and it is, in a sense, the "end of the matter," because the matter never began.  Nevertheless, neither section 331 nor section 395 expressly authorizes an appeal from such an order.  Where the Legislature intends an order that prevents an action or proceeding from commencing to be appealable, the Legislature generally says so.  For example, Civil Code section 1714.10, subdivision (a), prohibits a party from suing an attorney for civil conspiracy unless that party first obtains a court order permitting the filing of such a claim.  Civil Code section 1714.10, subdivision (d), makes appealable, among other things, the trial court's order made under subdivision (a). (See *Hung v. Wang* (1992) 8 Cal.App.4th 908, 935 ["the petition procedure created by [Civil Code] section 1714.10 is a special proceeding, and the adjudication of such a petition is a final, appealable order"]; accord, *Castro v. Higaki* (1994) 31 Cal.App.4th 350, 356.)  In contrast, Code of Civil Procedure 425.13 requires leave of court to include a claim for punitive damages in an action for damages arising out of the professional negligence of a health care provider.  Code of Civil Procedure section 425.13 contains no express

provision for an appeal, and orders granting or denying motions for permission to file a claim for punitive damages under that statute are typically reviewed by a petition for writ of mandate. (See, e.g., *Pomona Valley Hospital Medical Center v. Superior Court* (2013) 213 Cal.App.4th 828, 831 [involving an order granting a motion to amend the complaint to add a claim for punitive damages under Code of Civil Procedure section 415.13]; *Cryolife, Inc. v. Superior Court* (2003) 110 Cal.App.4th 1145, 1152 ["[w]rit review is . . . appropriate for an order granting or denying a motion to strike the punitive damages allegations where the issue is the applicability of [Code of Civil Procedure] section 425.13"].)

We conclude that had the Legislature intended an order by the juvenile court affirming a social worker's decision not to commence dependency proceedings to be appealable, the Legislature would have so stated, as it has in other circumstances. Because the Legislature has not expressly made appealable a juvenile court's order affirming a social worker's decision not to institute dependency proceedings, such an order is not appealable. Therefore Michael H.'s appeals from the April 23, 2013 and July 30, 2013 orders are dismissed.

**DISPOSITION**

The appeals are dismissed.

SEGAL, J.*

We concur:

WOODS, Acting P. J.

ZELON, J.

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.