Filed 4/27/16  In re T.M. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re T.M., a Person Coming Under the Juvenile Court Law. | B267024 (Los Angeles County Super. Ct. No. DK09814) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. C.M., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Julie Fox Blackshaw, Judge.  Dismissed.

Neale B. Gold, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, County Counsel, Dawyn R. Harrison, Assistant County Counsel, and William D. Thetford, Principal Deputy County Counsel, for Plaintiff and Respondent.

C.M., the mother, appeals from a predispositional order in a dependency proceeding. At the March 6, 2015 detention hearing, the juvenile court appointed Kyle Puro to represent the mother. At a scheduled April 28, 2015 preadjudication hearing, the mother appeared with retained counsel, Joni Salomon. The juvenile court was concerned about Ms. Salomon's qualifications to represent the mother in dependency proceedings. The juvenile court denied the mother's request to be represented by Ms. Salomon.

Thereafter, on the same day, Jodie Marksamer from the Law Offices of Marlene Furth, one of the law firms representing parents in Los Angeles County in an appointive capacity, appeared. Ms. Marksamer addressed the juvenile court stating, "It's my understanding [that Ms. Salomon no] longer wishes to substitute in." Later, on May 12, 2015, represented by Mr. Marksamer, the mother stated, "Can I go on the record with my objection regarding counsel, of me not being able to have my own private attorney?" On June 3, 2015, the mother appealed from the April 28 and March 12, 2015 orders.

On August 27, 2015, the adjudication and dispositional hearings were held. The child, Trinity M., was declared to be a dependent child and reunification services were ordered. On October 23, 2015, the mother appealed from the adjudication and dispositional orders. On December 24, 2015, a protective custody warrant was issued for the child's apprehension.

The Department of Children and Family Services has moved to dismiss the appeal as it is taken from a nonappealable order. Welfare and Institutions Code[1] section 395, subdivision (a)(1) provides, "A judgment in a proceeding under Section 300 may be appealed in the same manner as any final judgment, and any subsequent order may be appealed as an order after judgment." The dispositional order is the "judgment" specified in section 395, subdivision (a)(1). (*In re Michael H.* (2014) 229 Cal.App.4th 1366, 1373; *In re S.B.* (2009) 46 Cal.4th 529, 532.) An order made prior to the dispositional hearing is not directly appealable. (*In re Athena P.* (2004) 103 Cal.App.4th 617, 624; *In re Daniel K.* (1998) 61 Cal.App.4th 661, 666.) Thus, the present predispositional order is

---

[1]     Future statutory references are to the Welfare and Institutions Code.

not appealable.  The alleged denial of the right to counsel of choice could be reviewed by a mandate petition or in a subsequent appeal from the dispositional order.  (See *In re Rashad B.* (1999) 76 Cal.App.4th 442, 447-448; *Anthony D. v. Superior Court* (1998) 63 Cal.App.4th 149, 156.)  But it may not be raised in this case.

The appeal is dismissed without prejudice.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

KRIEGLER, J.

BAKER, J.