Filed 12/16/20  In re Abdul K. CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re ABDUL K., a Person Coming Under the Juvenile Court Law. | |
| ALAMEDA COUNTY SOCIAL SERVICES AGENCY, <br> Plaintiff and Respondent, <br> v. <br> N.M., <br> Defendant and Appellant. | A159758 <br><br> (Alameda County <br> Super. Ct. No. D02769709) |

Abdul K. is a medically fragile dependent child who did not receive adequate care in his parents' home.  In December 2019, this court denied a petition for an extraordinary writ filed by Abdul's mother, N.M. (mother), which challenged an order setting this case for a permanency planning hearing pursuant to Welfare and Institutions Code, section 366.26.[1]  (*N.M. v. Superior Court* (Dec. 5, 2019, A158385) [nonpub. opn.].)  Subsequently, mother appealed the juvenile court's denial of her trial counsel's petition for

---

[1] Unless otherwise indicated, statutory references are to the Welfare & Institutions Code.

an order returning Abdul to mother's care based on changed circumstances. (§ 388.) This court affirmed the denial of that petition in August 2020. (*In re Abdul K.* (Aug. 18, 2020, A159443) [nonpub. opn.].)

In the present appeal, mother challenges two rulings the juvenile court made in February 2020, during Abdul's section 366.26 hearing. Mother contends the juvenile court committed prejudicial errors by (1) denying her request for a bonding study and (2) excluding testimony from two of Abdul's siblings. Mother filed her notice of appeal while the section 366.26 hearing was in progress, purporting to base her appeal on a juvenile court minute order issued the day the allegedly objectional rulings were made.

In their appellate briefs, the parties fail to address the threshold issue of appealability, so this court requested supplemental briefs on the matter. (See *Jennings v. Marralle* (1994) 8 Cal.4th 121, 126 [appellate court must raise jurisdictional issue on its own initiative].) Both parties take the position that mother is challenging appealable post-judgment orders. We reject this contention. The juvenile court's evidentiary rulings are not directly appealable. Therefore, we dismiss the present appeal.

## DISCUSSION

"Because the right to appeal is strictly statutory, a judgment or order is not appealable unless a statute expressly makes it appealable." (*In re Michael H.* (2014) 229 Cal.App.4th 1366, 1373 (*Michael H.*).) Dependency appeals are governed by section 395, which provides in pertinent part: "A judgment in a proceeding under Section 300 may be appealed in the same manner as any final judgment, and any subsequent order may be appealed as an order after judgment." "Under section 300, a dispositional order is a judgment." (*In re Keisha T.* (1995) 38 Cal.App.4th 220, 229; see § 360 [entry of "judgment" follows consideration of "the evidence on the proper disposition

2

of the case"].)  "Once a juvenile court asserts jurisdiction and issues a dispositional order, the ' "dependency proceedings [become] proceedings of an ongoing nature and often result in multiple appealable orders." ' " (*In re Nicholas E.* (2015) 236 Cal.App.4th 458, 463.)

The "general rule in juvenile dependency cases is that all orders (except for an order setting a section 366.26 hearing), starting chronologically with the dispositional order, are appealable without limitation." (*In re Gabriel G.* (2005) 134 Cal.App.4th 1428, 1435, italics omitted.)  This broad precept is tempered by authority establishing that " 'section 395 "should be interpreted to be in harmony, to the extent possible, with basic appellate principles" ' [citation], and that the 'basic appellate principles codified in Code of Civil Procedure sections 901 through 923 apply in juvenile dependency proceedings, at least to the extent not inconsistent therewith.' " (*Michael H., supra,* 229 Cal.App.4th at p. 1373, fn. 9; see also *In re Cassandra B.* (2004) 125 Cal.App.4th 199, 208.)

Applying these rules, we conclude that mother's appeal is premature because she is seeking review of evidentiary rulings that were prefatory to a post-judgment order that had not been made when her appeal was filed. Indeed, although the appellate record does not contain information regarding the current status of this case, both parties intimate that the section 366.26 hearing has yet to be concluded due to COVID-related delays.

Outside the dependency context, courts have long held that evidentiary rulings are not directly appealable but may be reviewed upon appeal from the judgment (or appealable order) to which they relate.  (*Dabney v Wilhelm* (1923) 190 Cal. 340; *Fraser-Yamor Agency, Inc. v. County of Del Norte* (1977) 68 Cal.App.3d 201, 207; see Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2017) ¶ 2:253.1.)  This principle is

consistent with the dependency system.  Evidentiary rulings are not substantive dependency orders; they are preliminary rulings juvenile courts make at every stage of a dependency case—before, during and after disposition.  The rulings that mother objects to here were prefatory to a post-judgment order, but were not themselves post-judgment orders.

Pertinent dependency cases reinforce our conclusion.  Importantly, the parties do not cite a single case in which an evidentiary ruling at a section 366.26 hearing was construed as an independently appealable order.  On the other hand, appeals from orders terminating parental rights often entail review of juvenile court rulings regarding the use or admissibility of bonding studies.  (See e.g. *In re Tabatha G.* (1996) 45 Cal.App.4th 1159, 1162; *In re Lorenzo C.* (1997) 54 Cal.App.4th 1330, 1338–1341; *In re Richard C.* (1998) 68 Cal.App.4th 1191, 1197; *In re S.R.* (2009) 173 Cal.App.4th 864, 866.)  By the same token, restrictions on the presentation of witness testimony at a section 366.26 hearing are routinely challenged in appeals from orders terminating parental rights.  (See e.g. *In re Grace P.* (2017) 8 Cal.App.5th 605, 613–616; *In re J.S.* (2017) 10 Cal.App.5th 1071, 1079; *In re Hector A.* (2005) 125 Cal.App.4th 783, 790–799; *In re Earl L.* (2004) 121 Cal.App.4th 1050, 1052–1053.)

The social services agency argues that juvenile court rulings made during an ongoing permanency planning hearing are contemporaneous orders that are made separately appealable by section 395.  As support for this contention, the agency cites *In re Melvin A.* (2000) 82 Cal.App.4th 1243 (*Melvin A.*).  In that case, a mother's parental rights were terminated in February 1999, but the order was stayed for several months pending completion of an adoption home study.  (*Id.* at pp. 1246–1247.)  After the stay

4

was lifted, the mother filed a timely appeal from the order terminating her parental rights.

However, the *Melvin A.* court found that the mother failed to timely appeal from other orders the juvenile court made in February 1999, including orders discontinuing visitation, denying mother's request for a continuance, and denying a request by mother's trial counsel to withdraw from the case. (*Melvin A., supra,* 82 Cal.App.4th at p. 1246.) These orders were independently appealable, the court found, because they were "separate and apart" from the order terminating parental rights. (*Id.* at p. 1251.) The court elaborated as to the visitation order, explaining: "While the visitation order followed and could be said to be a result of the order terminating parental rights, the court could also have ordered continued visitation; the order regarding visitation was not part and parcel of the order terminating parental rights." (*Ibid.*)

*Melvin A.* does not support the agency's contention that an evidentiary ruling is an independently appealable collateral order. Each of the juvenile court rulings that were found to be appealable orders in *Melvin A.* was separate from, apart from, and not part and parcel to the order terminating parental rights. (*Melvin A., supra*, 82 Cal.App.4th at p. 1251; see also *In re Kristin W.* (1990) 222 Cal.App.3d 234, 248 ["A decision whether to grant visitation rights to a parent is independent of any decision authorizing the termination of parental rights"].) The opposite is true of the evidentiary rulings mother attempts to challenge in this case. These rulings have no function or effect aside from assisting the juvenile court in deciding whether to terminate parental rights. In particular, there is no independent legal right to have a court secure a bonding study to assist it in making this determination. (*In re Richard C.* (1998) 68 Cal.App.4th 1191, 1195.)

5

Mother contends that making the juvenile court's evidentiary rulings immediately appealable would further legislative intent and public policy by expediting resolution of dependency cases. According to this argument, if we do not address the merits of mother's appeal, she will have to wait until after the permanency planning hearing is complete and bring another appeal in the future (assuming her parental rights are terminated). Mother posits that prolonging dependency proceedings in this way would not serve the best interests of dependent children. (Citing *In re H.S.* (2010) 188 Cal.App.4th 103, 108 ["delay is antithetical to the primary focus of dependency proceedings, the best interests of the child"].) Mother fails to consider delays that would result from a rule requiring parties to file separate appeals from evidentiary rulings that are made during an ongoing dependency hearing, not to mention the problems that could result from requiring an appellate court to review interim juvenile court rulings without the context of a complete record.

Mother also contends that dismissing her appeal would "sow confusion" and "muddy the waters" by discouraging parties from filing timely appeals from interlocutory orders that are appealable under section 395. This argument assumes erroneously that there is no distinction between an interim evidentiary ruling and an appealable post-judgment order in a dependency case. If we do not dismiss this appeal, our decision could well sow confusion by creating a conflict with settled authority demonstrating that evidentiary rulings made during a section 366.26 hearing are routinely reviewed pursuant to an appeal from an order terminating parental rights, not before that order is made.

Finally, we express no view regarding the merits of mother's arguments that the juvenile court should have ordered a bonding study and should not

6

have excluded sibling testimony at the section 366.26 hearing.  We hold only that these evidentiary rulings are reviewable pursuant to an appeal from the post-judgment order to which they relate.

## DISPOSITION

The appeal is dismissed.


TUCHER, J.


WE CONCUR:

POLLAK, P. J.
BROWN, J.


*In re Abdul K.* (A159758)

7