Filed 5/7/15 (unmodified opn. attached)

## CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re NICHOLAS E. et al., Persons Coming Under the Juvenile Court Law. | B256182<br>(Los Angeles County<br>Super. Ct. No. DK02119) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>      Plaintiff and Appellant,<br><br>      v.<br><br>SUSAN E. et al.,<br><br>      Defendants and Respondents. | ORDER MODIFYING OPINION AND DENYING REHEARING<br><br>NO CHANGE IN JUDGMENT |

THE COURT:*

It is ordered that the opinion filed herein on April 30, 2015, be modified as follows:

1.  On page 2, the last paragraph, line 5, the words "legal and physical" are to be inserted between the words "father" and "custody" so that the sentence reads:

> Citing *In re A.G.* (2013) 220 Cal.App.4th 675 (*In re A.G.*), mother argued that the divorce and child custody proceedings pending in family court had resulted in an order granting father legal and physical custody of Lauren, Sarah and Zachary, and that this family court order obviated any risk of physical or emotional harm posed by mother.

---

\*     ASHMANN-GERST, Acting P.J., CHAVEZ, J., HOFFSTADT, J.

2. On page 3, line 3, the word "physical" is to be inserted between the words "had" and "custody" so that the sentence reads:

> Father joined in the motion except as to Nicholas (over whom mother still had physical custody), as did all the attorneys for the children.

3. On page 3, the first full paragraph, line 8, the word "physical" is to be inserted between the words "him" and "custody" so that the sentence reads:

> The court dismissed the petition "with prejudice" as to Lauren, Sarah and Zachary, but "without prejudice" as to Nicholas, (to enable father to obtain a family court order awarding him physical custody of Nicholas, to which mother agreed not to object).

> There is no change in the judgment.

> Appellant's petition for rehearing is denied.

> **CERTIFIED FOR PUBLICATION.**

Filed 4/30/15 (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re NICHOLAS E. et al., Persons Coming Under the Juvenile Court Law. | B256182<br>(Los Angeles County<br>Super. Ct. No. DK02119) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Appellant,<br><br>    v.<br><br>SUSAN E. et al.,<br><br>        Defendants and Respondents. | |

        APPEAL from orders of the Superior Court of Los Angeles County.
Carlos Vasquez, Judge.  Reversed and remanded.

        Mark J. Saladino, County Counsel, Richard D. Weiss, Acting County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Kim Nemoy, Principal Deputy County Counsel, for Plaintiff and Appellant.

        Lori A. Fields, under appointment by the Court of Appeal, for Defendant and Respondent, Susan E.

        No appearance for Minors.

* * * * * *

The Los Angeles County Department of Children and Family Services (Department) filed a petition in juvenile dependency court alleging that four minors were at risk of physical harm and emotional damage due to their mother's conduct. Mother moved to dismiss the petition because she and father are already litigating the custody of the kids in family court. May the juvenile court dismiss the petition on the basis of the pending family court case without giving the Department the opportunity to prove risk? We have jurisdiction to answer this question, and conclude that dismissal was improper.

## FACTUAL AND PROCEDURAL BACKGROUND

Susan E. (mother) and Brian E. (father) have four children: Nicolas (born 2001), twins Lauren and Sarah (born 2004), and Zachary (born 2007). In 2013, the Department filed a petition asking the juvenile court to assert dependency jurisdiction over all four children on the ground that mother had engaged in conduct placing the children's physical and emotional health at risk, as contemplated by Welfare & Institutions Code section 300, subdivisions (b) and (c).[1] More specifically, the petition alleged that mother had regularly complained (or prompted others to complain) that father physically and/or sexually abused the children, that these complaints were false, and that mother's conduct subjected the children to repeated sexual assault examinations and law enforcement interviews, all of which had severe negative consequences on the children: All four children had expressed suicidal thoughts; Sarah and Zachary had both been placed in involuntary mental health holds; Sarah had gained 40 pounds; and all four children were chronically absent from, or tardy to, school.

After the Department detained Lauren, Sarah and Zachary from mother by placing them in father's custody—but before any adjudication on the merits of the Department's petition—mother filed a motion to dismiss the petition. Citing *In re A.G.* (2013) 220 Cal.App.4th 675 (*In re A.G.*), mother argued that the divorce and child custody proceedings pending in family court had resulted in an order granting father custody of

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

Lauren, Sarah and Zachary, and that this family court order obviated any risk of physical or emotional harm posed by mother. Father joined in the motion except as to Nicholas (over whom mother still had custody), as did all the attorneys for the children.

Before hearing any evidence on the question of jurisdiction, the juvenile court granted the motion to dismiss. The court read *In re A.G.* to preclude juvenile court jurisdiction where the custody of the children at issue in a dependency petition had already been awarded to the nonoffending parent by a family court, which was the case here; the juvenile court felt that any "adjudica[tion of] the allegations in the [dependency] petition" would consequently be "a futile exercise." The court dismissed the petition "with prejudice" as to Lauren, Sarah and Zachary, but "without prejudice" as to Nicholas (to enable father to obtain a family court order awarding him custody of Nicholas, to which mother agreed not to object).

The Department timely appealed. We summarily denied the Department's intervening petition for a writ of supersedeas to stay the juvenile court's dismissal order.

## DISCUSSION

At the outset, it is critical to understand precisely what the juvenile court did. Contrary to what mother represented in her brief and at oral argument, neither her motion to dismiss nor the trial court's ruling addressed the sufficiency of the petition. Thus, the trial court did not grant a motion "akin to a demurrer." (Cf. *In re Kaylee H* (2012) 205 Cal.App.4th 92, 107-108 [motion "akin to a demurrer" in dependency proceedings attacks "the facial sufficiency of a petition"].) The court also did not, as mother also (somewhat inconsistently) contends, reject the petition on its merits. To the contrary, the trial court dismissed the petition without hearing any evidence.

This leaves us with two questions: (1) Do we have jurisdiction over an appeal of such a dismissal order?; and, if so, (2) did the juvenile court err in issuing such an order? Both questions involve statutory interpretation; as such, our review is de novo. (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 724.)

3

## I.    APPEALABILITY

Whether the Department may appeal the juvenile court's dismissal order turns on whether that order qualifies for appeal under section 395. (*In re Michael H.* (2014) 229 Cal.App.4th 1366, 1373 ["'appeals in dependency proceedings are governed by section 395 . . .'"], quoting *In re M.C.* (2011) 199 Cal.App.4th 784, 801.) Section 395 provides, in pertinent part, that "[a] judgment in a [dependency] proceeding . . . may be appealed in the same manner as any final judgment, and any subsequent order may be appealed as an order after judgment." (§ 395, subd. (a)(1).)

The litigation of dependency cases follows the statutory blueprint penned by our Legislature. The juvenile court first adjudicates whether the evidence supports the assertion of dependency jurisdiction on any of the grounds set forth in section 300 over the children and as alleged in the Department's petition. (§§ 300, 350.) If so, the court may issue a dispositional order regarding the interim placement of the children, may provide reunification services, and may specify that other services be provided to family members. (§§ 358, subd. (a), 360, 361, 361.5.) If the court issues a dispositional order, the court must then (1) conduct periodic reviews, and (2) either terminate dependency jurisdiction or set the matter for a permanency hearing for possible termination of parental rights. (§§ 366.21, 366.22, 366.25, 366.26.)

Once a juvenile court asserts jurisdiction and issues a dispositional order, the "'dependency proceedings [become] proceedings of an ongoing nature and often result in multiple appealable orders.'" (*In re Michael H.*, *supra*, 229 Cal.App.4th at pp. 1373-1374, quoting *Sheila S. v. Superior Court* (2000) 84 Cal.App.4th 872, 879.)

By contrast, the appealability of *pre*dispositional orders turns largely (but not entirely) on their finality. A juvenile court's order accepting dependency jurisdiction over children is not immediately appealable because it is merely a precursor to a possible dispositional order; in this situation, "the dispositional order is the adjudication of dependency and is the first appealable order in the dependency process." (*In re Sheila B.* (1993) 19 Cal.App.4th 187, 196.) But a trial court's order declining to accept jurisdiction

(and thereby dismissing the petition) after a hearing *is* appealable because that order "is the end of the matter and the child goes home." (*Id.* at p. 197; *In re Michael H.*, *supra*, 229 Cal.App.4th at p. 1374 ["As for *pre*dispositional orders, at least one such order is appealable: an order dismissing a dependency petition after an adjudication of the petition on the merits."]; cf. *ibid.* [order of juvenile court affirming Department's decision not to file a petition is not appealable because "an order that prevents an action or proceeding" is appealable only when the Legislature affirmatively "says so"].)

The juvenile court's dismissal order in this case is appealable for two reasons. Chiefly, the juvenile court's order—while not an adjudication on the merits—is, for all intents and purposes, "the end of the matter." (*In re Sheila B.*, *supra*, 19 Cal.App.4th at p. 197.) This result is also consistent with *In re Phoenix B.* (1990) 218 Cal.App.3d 787, where the court, without any discussion of appealability, nevertheless entertained an appeal by a parent of a juvenile court order dismissing a dependency petition without any hearing on the merits (because the Department changed its mind and requested a dismissal of its own previously filed petition).

Additionally, the juvenile court's dismissal order in this case effectively meant that the juvenile court was abstaining from exercising its jurisdiction in favor of a different forum—namely, the family court. Orders staying or dismissing causes on the grounds of abstention or forum non conveniens are typically appealable. (E.g., *Alvarado v. Selma Convalescent Hospital* (2007) 153 Cal.App.4th 1292, 1295 [abstention]; *Hahn v. Diaz- Barba* (2011) 194 Cal.App.4th 1177 [forum non conveniens]; Code Civ. Proc., § 904.1, subd. (a)(3) [authorizing appeal "[f]rom an order . . . granting a motion to stay the action on the ground of inconvenient forum"].)

We accordingly conclude that we have jurisdiction to hear the Department's appeal of this juvenile court's dismissal order.

## II. DISMISSAL OF THE PETITION WAS ERRONEOUS

The blueprint for litigating dependency cases discussed above contemplates that the propriety of the juvenile court's jurisdiction will be adjudicated "[a]t [a] hearing" at

5

which the Department, the parents and the children (through their counsel) will "present[] . . . evidence." (§ 350, subd. (c); see also § 356 [juvenile court shall make findings regarding jurisdiction "[a]fter hearing the evidence"]; see also *Los Angeles County Department of Children and Family Services v. Superior Court* (2008) 162 Cal.App.4th 1408, 1420 ["The applicable statutory scheme reflects that the Legislature did not intend for courts to summarily dismiss a dependency petition at a [prejurisdictional] detention hearing."]; cf. *In re Phoenix B.*, *supra*, 218 Cal.App.3d at pp. 792-793 [dismissal at jurisdictional hearing without presentation of evidence is appropriate when *Department* seeks dismissal].)

The juvenile court's dismissal of the petition seeking assertion of dependency jurisdiction without any adjudication of the merits—and over the Department's objection—is a departure from this blueprint. The juvenile court reasoned that *In re A.G.* "compel[led]" this departure. We disagree.

To begin, *In re A.G.* held only that there was insufficient evidence adduced at the jurisdictional hearing in that case to support the juvenile court's finding that the mother's mental illness in that case placed her children at risk of physical harm where a family court order already awarded sole custody to the father and "where Father has always been, and is, capable of properly caring for them." (*In re A.G.*, *supra*, 220 Cal.App.4th at pp. 682-683.) In light of the insufficient evidence to support dependency jurisdiction, the appellate court in *In re A.G.* remanded the case back to the family court. (*Id.* at p. 686.) For support, *In re A.G.* cited *In re John W.* (1996) 41 Cal.App.4th 961 and *In re Phoenix B.*, *supra*, 218 Cal.App.3d 787, both of which involved (1) the dismissal of a dependency case after a stipulation to jurisdiction or after a Department request for dismissal and (2) a subsequent remand to the family court. (*In re John W.*, at pp. 974-975; *In re Phoenix B.*, at pp. 792-793.)

Nothing in *In re A.G.*—or either of the cases on which it relied—purported to authorize a juvenile court to skip the evidentiary hearing on jurisdiction or to apply a rule of abstention just because a nonoffending parent could gain custody of the child in an

6

ongoing family court proceeding.

Reading *In re A.G.* to support such an abstention-like rule is problematic for a number of reasons. First, it is inconsistent with the statutory mandate in section 350, subdivision (c), and section 356 that the Department have its day in court. Second, this rule—because it would require deference to ongoing family court proceedings—is inconsistent with the longstanding principle that dependency proceedings have primacy over family court proceedings when it comes to child custody matters. (*In re Anne P.* (1988) 199 Cal.App.3d 183, 193 ["a superior court order awarding custody of minor children in a divorce action does not, in itself, deprive the juvenile court of jurisdiction to later litigate matters and issue orders affecting the custody of those children"]; *In re Desiree B.* (1992) 8 Cal.App.4th 286, 293 ["[t]he litigation of custody issues in family court does not estop the juvenile court from reconsidering factually identical issues"].) There is good reason for this principle: Family court proceedings are aimed at assessing "the best interests of the child *as between two parents.*" (*In re John W.*, *supra*, 41 Cal.App.4th at p. 971.) Dependency proceedings are not so narrow in focus, and invoke the state's role as *parens patriae* in evaluating the best interest of the child, even if it means placement with someone other than the parents. (*In re Ryan K.* (2012) 207 Cal.App.4th 591, 599, fn. 10 ["'Although both the family court and the juvenile court focus on the best interests of the child, the juvenile court has a special responsibility to the child as *parens patriae* and must look at the totality of the child's circumstances. . . . By empowering the juvenile court to issue custody . . . orders, the Legislature has expressed its belief that "the juvenile court is the appropriate place for these matters to be determined. [Citation.]"'"], quoting *In re Roger S.* (1992) 4 Cal.App.4th 25, 30-31; *In re Jennifer R.* (1993) 14 Cal.App.4th 704, 712; *In re Travis C.* (1991) 233 Cal.App.3d 492, 500.) A rule requiring abstention without any adjudication dilutes the primacy of dependency jurisdiction.

To be sure, the juvenile court's countervailing concerns are not without weight. "The juvenile courts must not become a battleground by which family law war is waged

by other means," particularly when "the resources of local government social service agencies are stretched thin . . ." (*In re John W.*, *supra*, 41 Cal.App.4th p. 975; *In re Alexandria M.* (2007) 156 Cal.App.4th 1088, 1096.) But where the Department is able to prove that dependency jurisdiction is warranted, these concerns must give way to the primacy of dependency court jurisdiction and its special role. To rob the Department of its chance to prove its allegations is to elevate judicial economy above the protection of children, in contravention of our Legislature's express declaration that dependency jurisdiction be construed broadly. (See § 300.2.)

We take no position on whether the Department will be able to establish, factually, that mother's stream of false allegations and the battery of tests and interviews that followed these allegations placed her children at risk of physical or emotional harm, but *In re A.G.* does not deprive the Department of the opportunity to try.[2]

## DISPOSITION

We reverse the juvenile court's order dismissing the petition and remand to the juvenile court for adjudication as to all four children.

## <u>CERTIFIED FOR PUBLICATION</u>.

_____, J.
            HOFFSTADT

We concur:

_____, Acting P. J.
        ASHMANN-GERST

_____, J.
        CHAVEZ

---

[2]     In light of our reading of *In re A.G.*, we have no occasion to consider the department's alternative request that we disapprove of *In re A.G.*

8