Filed 3/11/16  T.R. v. A.J. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| T.R.,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>A.J.,<br><br>        Defendant and Appellant. | B258429<br><br>(Los Angeles County<br>Super. Ct. No. PF003745) |

        APPEAL from an order of the Superior Court of Los Angeles County,
B. Scott Silverman, Judge.  Affirmed.

        A.J., in pro. per. and Mark A. Hover for Defendant and Appellant.

        Law Offices of Michele Lyn Gibson and Michele Lyn Gibson for Plaintiff and
Respondent.

_____

In this appeal from a modified child custody order, appellant A.J. (mother) seeks a new evidentiary hearing. Finding no error, we affirm. The requests for sanctions are denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Conner was born to mother and respondent T.R. (father) in 2007.[1] They briefly lived together at the home of the maternal grandmother, T.J. (grandmother), and her boyfriend, Darrell V.R. After father moved out, grandmother and Darrell assumed much of the responsibility for Conner's care.

Father filed a parentage action in 2008, seeking a declaration of paternity, legal custody and visitation. (*T.R. v. A.J.*, Super. Ct. L.A. County, 2014, No. PF003745.) The relationship between mother and father had grown more antagonistic, as had their relationship with grandmother and Darrell. Competing requests for custody, visitation, and restraining orders were filed. In June 2009, the trial court issued a family law order granting the parents joint legal and physical custody and prohibiting them from allowing Conner to have contact with grandmother and Darrell.

Mother entered a relationship with another man, and had two more children. Father requested a modification of the custody order. In December 2011, the trial court entered an order that retained the parents' joint legal custody, but gave father decision-making authority and primary physical custody. Mother was granted visitation, and ordered to supervise Conner's visits with grandmother and Darrell.

In November 2012, grandmother informed the Los Angeles County Department of Children and Family Services (Department) that mother's two younger children had bruises. The Department took Conner and his siblings into protective custody, and filed a dependency petition on their behalf. (Welf. & Inst. Code, § 300; *In re Jonathan H.*, Super. Ct. L.A. County, 2013, No. CK96368.) At the jurisdictional hearing, the juvenile court sustained the allegation that physical abuse of the two younger children had placed

---

[1] The facts are taken from the record in this appeal and our opinion in a prior appeal. (*T.R. v. A.J.* (Sept. 4, 2014, B247965 [nonpub. opn.].)

all three children at risk of harm.  At the dispositional hearing, Conner was released to father's custody, and jurisdiction was terminated as to him.  A December 2012 family law order granted sole physical custody to father, with unmonitored daytime visits for mother.

Grandmother and Darrell appealed from the juvenile court's jurisdictional and dispositional orders, seeking to overturn the denial of their request for de facto parent status.  The dependency orders were affirmed by Division Seven of this district in March 2014.  (*In re Jonathan H.*, *Jr.* (March 19, 2014, B246776 [nonpub.opn.].)

Grandmother and Darrell petitioned for joinder in the parentage action (No. PF003745) and requested grandparent visitation.  The trial court—Judge B. Scott Silverman in Department 7 of the family law division of the superior court—denied the petition for joinder.  Grandmother and Darrell appealed from that ruling, which we affirmed in September 2014.  (*T.R. v. A.J.*, *supra*, B247965.)

During this period, mother was estranged from grandmother and Darrell, and allowed Conner to move to the San Diego area with father.  After the move, Conner spent every other weekend with mother at her home in the Los Angeles area.

Mother and father had a disagreement regarding visitation in December 2013.  The following month, mother filed a declaration and request for modification of the family law order, seeking additional visitation.  Father filed a responsive declaration, seeking sole physical and legal custody, or alternatively, tie-breaking decision making authority.

On March 5, 2014, Judge Silverman agreed to hold an evidentiary hearing on mother's request for modification.[2]  Based on information that grandmother had

---

[2] At that hearing, the court expressed familiarity with the case and gave the following summary of events:  In December 2011, the court granted primary physical custody to father, and joint legal custody to both parents, with decision making authority to father.  Mother, who was living with her parents, was granted visitation.  In November 2012, Conner and his siblings were detained by the Department; Conner was released to father in December 2012.  Mother was allowed to visit Conner three times a week for three hours at a time.  At that point, mother was estranged from her parents, and agreed to allow Conner to move with father to the San Diego area.  The dependency court did not allow grandmother and Darrell to spend time alone with Conner.  In December 2013,

3

interfered with Conner's health insurance, Judge Silverman issued temporary orders on March 5, 2014:

- granting father sole legal custody over Conner's health care;
- requiring father to provide mother access to Conner's health care information and providers;
- requiring father to notify mother in advance of routine medical appointments;
- granting mother the right to attend Conner's medical appointments;
- ordering the parents to meet and confer regarding the visitation schedule;
- and requiring the parents to limit Conner's contact with grandmother and Darrell to supervised daytime visits.

The hearing was continued to March 18, 2014.

Darrell filed a separate parentage action (No. BF049849) to establish a parent-child relationship with Conner. (See Fam. Code, § 7601, amended in 2013 to allow a child more than two parents (Stats. 2013 ch. 510 (A.B.1403), § 1; Stats 2013 ch. 564, (S.B.274), § 5.5), effective January 1, 2014.) The case was assigned to Department 87 (Judge Holly J. Fujie). Darrell filed a notice of related cases. (See Cal. Rules of Court, rule 5.440; Los Angeles County Superior Court Local Rules, rules 5.4 & 5.5.) On March 18, 2014, Judge Fujie entered orders deeming Darrell's parentage action (No. BF049849) and father's parentage action (No. PF003745) to be related, deeming father's case to be the lead case, and transferring Darrell's case to Department 7 (Judge Silverman) for consolidation with the lead case.

Darrell filed an affidavit of prejudice and peremptory challenge against Judge Silverman. (Code Civ. Proc., § 170.6 (170.6 petition).) Judge Silverman continued the hearing on mother's request for modification, and sent the consolidated cases to Judge Scott M. Gordon, presiding judge of the family law division.

---

mother asked father to sign an agreement that would have given grandmother and Darrell unlimited access to Conner. Father found that to be problematic. There was relative peace until the dispute concerning the visitation schedule for Christmas 2013.

On April 8, 2014, on the court's own motion, Judge Gordon vacated the March 18, 2014 orders and denied Darrell's 170.6 petition as moot. Mother and Darrell petitioned for writ of mandate, seeking to overturn the April 8, 2014 order. (Nos. B255703, B256096, B256460 & B256741.) Their petitions were denied, and the Supreme Court denied review. (*Jarrett v. Superior Court (Reagan)* (May 27, 2014, B256096) S218825.)

Judge Silverman scheduled an August 20, 2014 hearing on mother's request for modification. Before the hearing, father filed a supplemental declaration alleging that mother had violated the March 5, 2014 orders. According to father's supplemental declaration, mother had allowed Conner to have overnight and unmonitored visits with grandmother and Darrell.

At the August 20, 2014 hearing, mother sought to introduce new evidence concerning the visitation dispute in December 2013, and an order by the juvenile court granting a petition for modification of dependency orders. (Welf. & Inst. Code, § 388.) Because mother did not file a supplemental declaration providing advance notice of the new evidence, the court excluded the evidence to avoid prejudice to father. After arguing for increased visitation for mother, mother's attorney conceded that in all other respects, the March 5, 2014 orders were correct and should remain in place.

Judge Silverman found the evidence did not show that mother was prepared to assume additional parental responsibility for Conner's medical, educational, housing, and other needs. The court issued an August 20, 2014 order:

- granting sole legal and physical custody to father;
- granting mother visitation on alternate weekends, with authority to compel Conner to visit her even though he will have to miss an extracurricular activity that falls on the same date;
- directing the parents to meet and confer with regard to visitation, and to bring any unresolved issues to the court's attention; and
- limiting Conner's contact with grandmother and Darrell to monitored daytime visits.

This timely appeal followed.

5

## DISCUSSION

We review a trial court's evidentiary rulings under the deferential abuse of discretion standard. (*Miyamoto v. Department of Motor Vehicles* (2009) 176 Cal.App.4th 1210, 1218.) Mother challenges the exclusion of her new evidence at the August 20, 2014 hearing. She claims that the basis for the exclusionary ruling—that she did not provide advance notice of the new evidence through a supplemental declaration—does not withstand scrutiny because her supplemental declaration would have been stricken as improper rebuttal or impeachment testimony.

As support for this contention, she cites Evidence Code section 770: "Unless the interests of justice otherwise require, extrinsic evidence of a statement made by a witness that is inconsistent with any part of his testimony at the hearing shall be excluded unless: [¶] (a) The witness was so examined while testifying as to give him an opportunity to explain or to deny the statement; or [¶] (b) The witness has not been excused from giving further testimony in the action." Evidence Code section 770 is inapplicable. The statute governs the admissibility of a prior inconsistent statement to impeach a witness who testified at a hearing. That is not our situation. Here, the purpose of the supplemental declaration is not to impeach a witness who testified at a hearing, but to provide the opposing party with notice and an opportunity to respond to the new evidence at the hearing.

Mother argues that father's supplemental declaration violated the 10-page limitation of rule 5.111(a) of the California Rules of Court, and should have been stricken on that basis. However, there is no indication that a timely objection was made on that ground. Assuming it was not forfeited, the objection lacks merit because the declaration contained only 8 pages. To the extent mother is seeking to apply the 10-page limitation to the attached exhibits, the contention fails because rule 5.111(a) does not impose a limitation on exhibits.

We need not consider whether father's declaration contains false and misleading information that should have been excluded. This issue, presumably based on Evidence

6

Code section 352, was not preserved for appellate review. "'To obtain reversal based on the erroneous admission of evidence, the record must show a timely objection making clear that specific ground. ([Evid. Code,] § 353; [citation].) Lack of such objection deprives the proponent of the evidence an opportunity to establish a better record or some alternative basis for admission.' [Citation.]" (*Oiye v. Fox* (2012) 211 Cal.App.4th 1036, 1066.)

We also do not consider arguments based on asserted facts which are outside the record. Mother claims that Judge Gordon recused himself from this case on March 5, 2012, and that he assigned this case to Department 7 on March 15, 2012, but neither order is contained in the record. We have no basis to evaluate the contention, made for the first time on appeal, that as a result of his recusal Judge Gordon lacked authority to issue the April 8, 2014 order. It is the "cardinal rule of appellate review that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown. [Citation.]" (*Foust v. San Jose Construction Co.* (2011) 198 Cal.App.4th 181, 187.) Even if we were to assume the orders of March 5 and 15, 2012 were made, it does not necessarily follow that Judge Gordon lacked authority to rule in this case, and that issue may be treated as forfeited on appeal. (See *Miller v. Superior Court* (2002) 101 Cal.App.4th 728, 743; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.) In any event, even if we were to reach the merits, it is the appellant's burden to provide authority for the proposition that a recusal in this action (No. PF003745) requires recusal in the other action (No. BF049849), and mother has not met that burden here.

The assertion that Judge Silverman was disqualified by Darrell's Code of Civil Procedure section 170.6 challenge was raised in several unsuccessful writ petitions. The issue is not properly before us now. (See Code Civ. Proc., § 170.3, subd. (d) [ruling on peremptory challenge is not appealable].)

Mother claims that contrary to father's statements, she supported Conner's extra-curricular activities, purchased his sporting equipment, attended his games, agreed to his karate and swim lessons, did not interfere with his Medi-Cal insurance, and did not cause a delay in hearings. Assuming her assertions are true, they do not warrant a reversal or

7

rehearing. It is unclear what additional relief a rehearing could bring given that mother conceded the existing custody orders were appropriate.

In reviewing a custody order, we are mindful that "[f]amily court proceedings are aimed at assessing 'the best interests of the child as *between* [*the*] *parents*.' [Citation.]" (*In re Nicholas E*. (2015) 236 Cal.App.4th 458, 465.) Once it has been established that "a particular custodial arrangement is in the best interests of the child, the court need not reexamine that question. Instead, it should preserve the established mode of custody unless some significant change in circumstances indicates that a different arrangement would be in the child's best interest." (*Burchard v. Garay* (1986) 42 Cal.3d 531, 535.) This rule, known as the changed circumstances rule, "fosters the dual goals of judicial economy and protecting stable custody arrangements. [Citations.]" (*Ibid*.) Applying that standard here, the question is whether the record contains substantial evidence to support the trial court's finding that no significant change in circumstances had occurred. We conclude the record supports that finding.

Finally, we turn to the parties' requests for sanctions on appeal. Rule 8.276(a) of the California Rules of Court provides that "[o]n motion of a party or its own motion, a Court of Appeal may impose sanctions, including the award or denial of costs under rule 8.278, on a party or an attorney for: [¶] (1) Taking a frivolous appeal or appealing solely to cause delay; [¶] (2) Including in the record any matter not reasonably material to the appeal's determination; [¶] (3) Filing a frivolous motion; or [¶] (4) Committing any other unreasonable violation of these rules."

Mother requests sanctions based on father's allegedly false statements that she was aligned with Darrell, and that her Code of Civil Procedure section 170.6 challenge against Commissioner Friendenthal (which she claims was denied) was granted. We find no basis to impose sanctions. Assuming some of the facts were inaccurately stated by father, we conclude the misrepresentations were not material to the determination of the appeal and do not merit sanctions.

Father argues that mother filed a frivolous appeal, made false statements, and brought 13 unsuccessful appeals or writ petitions. We again find no basis to impose

8

sanctions.  Mother's appeal is not frivolous, her purported misstatements do not merit sanctions, and father has not shown that prior petitioning activities are a proper basis for sanctions in a subsequent appeal.

## DISPOSITION

The August 20, 2014 order is affirmed.  The parties are to bear their own costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                        EPSTEIN, P. J.

We concur:



WILLHITE, J.                    MANELLA, J.

9