Filed 9/21/16; pub. order 10/14/16 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re W.C., a Person Coming Under the Juvenile Court Law. | |
| ALAMEDA COUNTY SOCIAL SERVICES AGENCY, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> W.C., <br><br> Defendant and Appellant. | A148265 <br><br> (Alameda County Super. Ct. No. 0J15024692) |

**STATEMENT OF FACTS**

W.C. was born in Guatemala in 1997. He lived in Guatemala with his grandparents from an early age, because his mother was dead and his father missing. Eventually, W.C. left Guatemala because of threats to his safety and came to the United States. He arrived in this country alone, with no parental support, in the summer of 2014. At the border, W.C. was taken into protective custody by American officials and eventually placed with a distant relative in Oakland in August 2014. The relative agreed to sponsor W.C. for asylum, but their relationship became difficult and W.C. left that residence, becoming homeless in October 2014.

Living on his own in Oakland presented W.C. with several problems. He had difficulty in school and developed behavior issues, including cutting and drug use. He

was taken to Children's Hospital in Oakland for a Welfare and Institutions Code[1] section 5150 assessment after cutting himself at school. However, he was denied treatment because he lacked insurance and had no legal guardian available to approve mental assessments.

W.C. lived at the Dream Catcher's Youth Services shelter after February 2015. At the end of the month, he told the Alameda County Social Service Agency (Agency) he was living with a friend, working, and paying rent. Eventually, W.C. was suspended from school because he was under the influence of drugs, possessed a knife, and engaged in theft from a local store. On April 13, 2015, W.C. told school officials he needed to go into protective custody.

W.C. first appeared before the juvenile court on April 15, 2015, when the Agency filed a petition alleging appellant came under section 300, subdivision (g). The Agency alleged he was abandoned, because his parents were not known, he was no longer living with any sponsor, and had no means of support.

A detention hearing in this matter took place on April 17, 2015. Its purpose was to assess whether the Agency could establish a prima facie case for detaining W.C. The court ordered him detained, with temporary placement and care provided by the Agency until further hearing by the juvenile court.

On April 30, 2015, the Agency filed a jurisdiction report with the court. On the same day, the trial court conducted a jurisdictional hearing. The court found there was prima facie evidence W.C. was a person covered by section 300, subdivision (g). The court set a dispositional hearing for May 26, 2015. Importantly, on May 1, 2015, W.C. turned 18. The Agency did prepare a report for the hearing on May 26. It recommended the dependency be dismissed because W.C. was now 18 and to date the juvenile court

_____

[1] Unless otherwise stated, all statutory references herein are to the Welfare and Institutions Code.

2

had made no legal determination on dependency in the case. Both sides at the May 26 hearing requested further discovery and briefing on the issue of jurisdiction. The specific legal issue to be addressed was whether W.C. could be declared a dependent after his 18th birthday.

On July 7, 2015, the juvenile court dismissed the section 300 petition. The parties were advised of their right to appeal the dismissal. No appeal was filed by appellant.

The next event in this case took place on February 10, 2016, when W.C. filed his Request to Return to Juvenile Court Jurisdiction and Foster Care (Request). In his Request, W.C. claimed he needed placement, and he signed a voluntary reentry agreement stating he planned to participate in a program for employment training if accepted. The matter was set for hearing on March 2, 2016. The Agency prepared a report in the matter, recommending reentry be denied because W.C. was never a dependent under the laws of California. The trial court received the report on March 4, 2016, setting a hearing date on the issue of whether a nonminor who was never found a dependent of the court could reenter and be subject to juvenile court jurisdiction.

On April 1, 2016, after briefing and argument from counsel, the juvenile court denied W.C.'s Request.

Appellant filed his appeal after the trial court denied his request.

## DISCUSSION

In his Request, W.C. filed a petition pursuant to section 388, subdivision (e). Section 388, subdivision (e), in relevant part, states: "On or after January 1, 2012, a nonminor who attained 18 years of age while subject to an order for foster care placement and . . . has not attained 21 years of age . . . for whom the court has dismissed dependency jurisdiction pursuant to Section 391, . . . but has retained general jurisdiction under subdivision (b) of Section 303 . . . may petition the court in the same action in which the child was found to be a dependent or delinquent child of the juvenile court, for a hearing to resume the dependency jurisdiction over a former dependent . . . ." (§ 388,

3

subd. (e)(1).)  W.C. is not a person covered by this statute.  He has never been found to be "a dependent or delinquent child of the juvenile court."  Also, at no time did the juvenile court dismiss a "dependency jurisdiction [matter] pursuant to Section 391."  Furthermore, at no time did the court "retain[] general jurisdiction under subdivision (b) of Section 303."

Section 388, subdivision (e) was added to the code as part of the California Fostering Connections to Success Act (Assem. Bill No. 12 (2009–2010 Reg. Sess.) Sept. 30, 2010, as amended by Assem. Bill No. 212 (2011–2012 Reg. Sess.) Oct. 4, 2011 (Act)).  The purpose of the Act is to cover adverse outcomes faced by youth who are aged out of the foster care system at 18.  The Legislature concluded that former foster youth, when compared with other young adults of the same age, are less likely to complete high school, attend college, or be employed.  They also are more inclined to become homeless and realize incarceration.  (Assem. Com. on Human Services, analysis of Assem. Bill No. 12, Apr. 14, 2009, pp. 9–10.)  As a result of this concern, the Legislature through the Act, essentially created a classification called "nonminor" dependents who were eligible for additional foster care services and federal funds providing support.  (*In re Shannon M.* (2013) 221 Cal.App.4th 282, 284–285 (*Shannon M.*).)

The Act, in an effort to realize these goals and benefit from available federal funding, amended several statutes that determine when a court may terminate or continue dependency jurisdiction for "dependents" after age 18.  Section 303 governs when the court can retain jurisdiction over a dependent after age 18.  Section 303, subdivision (a) states, "The court *may* retain jurisdiction over any person who is found to be a ward or *a dependent child of the juvenile court* until the ward or *dependent child* attains the age of 21 years."  (Italics added.)  Section 303, subdivision (b) states that after January 1, 2012, "the court shall have within its jurisdiction any nonminor dependent as defined in

4

subdivision (v) of Section 11400."[2]  Section 303, subdivision (c) provides a nonminor who exited foster care at or after age 18 may, until age 21, petition the court to *resume dependency* pursuant to section 388, subdivision (e).  As concluded by *Shannon M.*, section 303 creates opportunities for *nonminor dependents* to enjoy certain benefits up to the age of 21 provided they were originally under the jurisdiction of the juvenile court before their 18th birthday.  (*Shannon M.*, *supra*, 221 Cal.App.4th at p. 295.)

Accordingly, for W.C. to be legally considered a nonminor dependent, he must first have been a dependent who was deemed such by the juvenile court.  In our case, the juvenile court held a dispositional hearing after W.C. made his initial appearances in April 2015 and after the court permitted briefing by counsel of the specific question whether W.C., now over 18, could be deemed subject to the jurisdiction of the juvenile court.  The dispositional hearing was held on July 7, 2015.  The court held he was not a dependent of the juvenile court and dismissed the petition.

Appellant argues the determination by the juvenile court on April 30, 2015, that he was a minor described by section 300, subdivision (g) made him a dependent of the court.  However, that preliminary determination, which formed the basis for the juvenile court to have jurisdiction over the case and consider its options within the dependency laws of California, did not make W.C. a dependent of the court.  The court's continuance of the matter for a dispositional hearing reflects the legal options available to it.  Discovery and review of the case by counsel, along with the Agency investigation and assessment, were

---

[2] The Act also amended section 11400 et seq. to realize the recent federal provisions for foster care dependent children who are or were in foster placement when they turned 18.  A nonminor dependent is defined as "on or after January 1, 2012, a foster child, as described in Section 675(8)(B) of Title 42 of the United States Code under the federal Social Security Act *who is a current dependent child* or ward of the juvenile court, or who is a nonminor under the transition jurisdiction of the juvenile court, as described in Section 450 [of Title 42], who satisfies all of the following criteria . . . ." (§ 11400, subd. (v), italics added.)  Section 11400, subdivision (v) only applies to *dependents* of the juvenile court.

all shifted to the hearing date of July 7, 2015. The court then had the option to find W.C. was a dependent of the juvenile court or dismiss the petition filed by the Agency; it could order informal supervision under section 301, or it could appoint a legal guardian. (§ 360, subds. (a) & (b), § 390.)

These options are exercised by the juvenile court only at the dispositional hearing, where the minor is represented by counsel and the court has the opportunity to review the report by a neutral fact finder like the Agency here. Thus is the determination of dependency made. (Cal. Rules of Court, rule 5.695; § 360.) "After *receiving and considering the evidence on the proper disposition* of the case, the juvenile court may *enter judgment* as follows: [¶] . . . [¶] (d) If the court *finds* that the child is a person described by Section 300, it may order and adjudge the child to be a dependent child of the court." (§ 360, subd. (d).) What took place on April 30, 2015, was a jurisdictional order. "A jurisdictional order is only a finding. [Citation.] The dispositional order is the judgment (§ 360). Only the judgment is appealable." (*In re Tracy Z.* (1987) 195 Cal.App.3d 107, 112.)

In *In re Candida S.* (1992) 7 Cal.App.4th 1240, the juvenile court held a jurisdictional hearing on December 5, 1988, and declared the children to be dependent children of the court at that time. The appellate court concluded this was error because the disposition and legitimate finding of dependency took place on March 2, 1989, when the court made *dispositional findings* after considering the evidence: "We agree that the adjudication of dependency occurred on March 2, 1989." (*Id.* at p. 1248.) "The court did not receive or consider evidence on the proper disposition of this case until the dispositional hearing on March 2, 1989." (*Id.* at p. 1249.)

The Agency in our case submitted a "disposition report" on May 22, 2015, almost a month after the jurisdictional hearing, and at that time made its recommendation to dismiss the dependency. The hearing was continued until July so W.C.'s counsel had time to file his papers and prepare for the dispositional hearing.

6

Importantly, in his brief submitted by counsel before the July dispositional hearing, W.C. acknowledged the juvenile court had not declared him a dependent at any time before his 18th birthday: "[T]he Court should today declare [him] the dependent of the juvenile court." Counsel's reason for this was to permit W.C. to obtain the benefits of the Act and foster care services. The trial court denied the request, dismissed the petition filed under section 300, subdivision (g), and in its minute order advised the parties of the right to appeal the order. This order was filed on July 7, 2015.

The entry of an order dismissing a petition at the dispositional hearing is a final judgment from which an appeal may be taken. (§ 395; *In re Daniel K.* (1998) 61 Cal.App.4th 661, 666.) An order dismissing a juvenile dependency petition is appealable as a final judgment: "Unlike a jurisdiction order, which is followed by an adjudication of dependency and many possible subsequent orders, *nothing follows a dismissal order*: It is the end of the matter . . . ." (*In re Sheila B.* (1993) 19 Cal.App.4th 187, 197, italics added; see *In re Nicholas E.* (2015) 236 Cal.App.4th 458, 463; *In re Lauren P.* (1996) 44 Cal.App.4th 763, 767.) Once dismissal is issued, trial counsel must file timely notice of appeal from the order to preserve the right to appeal the judgment. (*In re Meranda P.* (1997) 56 Cal.App.4th 1143, 1149; *Wanda B. v. Superior Court* (1996) 41 Cal.App.4th 1391, 1396.) The notice of appeal must be filed within 60 days after the juvenile court makes the appealable order. (Cal. Rules of Court, rules 5.590, 5.661(b), 8.406(a).)

Unfortunately for W.C., no appeal was taken from the dismissal order of July 7, 2015. Since appellant raises now the same arguments he made before the court in 2015, this appeal is inappropriate. Additionally, appellant never made a motion for reconsideration of the July 7, 2015 order in a timely manner.

We are now asked to address in this appeal essentially the same challenge presented to the trial court at the dispositional hearing in July 7, 2015, which was decided against W.C. and from which no appeal was sought. There is no answer presented in the

current briefing by appellant of the April 1, 2016 order why this court should reach a contrary determination in light of this omission. We can see none and affirm the judgment on this basis.

## DISPOSITION

We affirm the judgment of the juvenile court dated April 1, 2016, for the reasons stated in this opinion.

_____

DONDERO, J.

We concur:

_____

HUMES, P. J.

_____

BANKE, J.

Filed 10/14/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re W.C., a Person Coming Under the Juvenile Court Law. | |
| ALAMEDA COUNTY SOCIAL SERVICES AGENCY, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> W.C., <br><br>     Defendant and Appellant. | A148265 <br><br> (Alameda County <br> Super. Ct. No. 0J15024692) <br><br> ORDER CERTIFYING OPINION FOR PUBLICATION <br><br> [NO CHANGE IN JUDGMENT] |

THE COURT:[3]

    The opinion in the above-entitled matter, filed on September 21, 2016, was not certified for publication in the Official Reports. After the court's review of a request under California Rules of Court, rule 8.1120, and good cause established under California Rules of Court, rule 8.1105, it is hereby ordered that the opinion should be published in the Official Reports.

Dated:      _____
                                         DONDERO, J.

---

[3] Before Humes, P.J., Dondero, J., and Banke, J.

10

Trial Court:   Alameda County Superior Court

Trial Judge:   Hon. Charles Smiley III

Counsel:

Bay Area Legal Aid, Sabrina Forte and Rebekah Evenson, for Defendant and Appellant.

Virginia Corrigan and Maria Ramiu for Youth Law Center as Amicus Curiae on behalf of Defendant and Appellant.

Donna R. Ziegler, Alameda County Counsel, Samantha N. Stonework-Hand, Deputy Alameda County Counsel, for Plaintiff and Respondent.

A148265