Filed 1/26/24  Walters v. Sensient Natural Ingredients CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| PATRICK WALTERS,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>SENSIENT NATURAL INGREDIENTS LLC,<br><br>Defendant and Respondent. | F085824<br><br>(Super. Ct. No. 21CV-02508)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Justice Law Corporation, Douglas Han, Shunt Tatavos-Gharajeh, Chris Petersen, and Shelby Miner for Plaintiff and Appellant.

Scheppach Bauer, John M. Scheppach and Thorey M. Bauer for Defendant and Respondent.

-ooOoo-

## INTRODUCTION

Appellant Patrick Walters brought suit, on behalf of himself and other aggrieved employees, against respondent Sensient Natural Ingredients LLC (Sensient) pursuant to the Labor Code Private Attorneys General Act of 2004 (PAGA) (Lab. Code, § 2698 et seq.). Sensient moved to compel arbitration of the individual PAGA claims and to dismiss the non-individual PAGA claims altogether.[1] The trial court granted the motion, ordered the individual claims to arbitration, and dismissed the non-individual claims.

On appeal, Walters argues dismissal of the non-individual claims is contrary to our Supreme Court's recent holding in *Adolph*, and the dismissal therefore must be reversed. Sensient urges us to dismiss the appeal for lack of jurisdiction. Alternatively, Sensient does not dispute that the dismissal of the non-individual claims must be reversed as contrary to *Adolph*, but contends the non-individual claims must be stayed pending arbitration of the individual claims. Walters disagrees that the non-individual claims must be stayed.

We exercise our discretion to treat the appeal as a petition for writ of mandate and hold that the order dismissing the non-individual PAGA claims is contrary to *Adolph*. We therefore issue a writ of mandate directing the trial court to vacate the order dismissing the non-individual PAGA claims, at which time the court may consider whether to stay court proceedings on the non-individual PAGA claims.

---

[1] We use the terms "individual" and "non-individual" claims in accordance with our Supreme Court's usage in *Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104 (*Adolph*). We use the term "individual" to refer to those claims brought by a plaintiff as a representative of the State and which seek to recover civil penalties under PAGA for Labor Code violations experienced by the plaintiff. (See *Galarsa v. Dolgen California, LLC* (2023) 88 Cal.App.5th 639, 648 (*Galarsa*) [referring to these claims as "Type A" claims].) We use the term "non-individual" to refer to those claims brought by a plaintiff as a representative of the State and which seek to recover civil penalties under PAGA for Labor Code violations experienced by employees other than the plaintiff. (*Galarsa*, at p. 649 [referring to these claims as "Type O" claims].)

2.

# FACTUAL BACKGROUND

Sensient is a manufacturer of dehydrated ingredients. Walters worked as a production employee at one of Sensient's facilities from 2016 until May 2020, at which time he went out on a leave of absence. He remained on leave of absence through at least December 5, 2022.

On June 13, 2018, Walters attended a training at which he signed Sensient's "Dispute Resolution Agreement" (Agreement). The Agreement provided in relevant part as follows:

> "How This Agreement Applies. This Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. and evidences a transaction involving commerce. This Agreement applies to any dispute arising out of or related to Employee's employment with Sensient Natural Ingredients, LLC . . . or termination of employment. . . .
>
> "Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law, and therefore this Agreement requires all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial. . . .
>
> "Except as it otherwise provides, this Agreement also applies, without limitation, to disputes with any entity or individual arising out of or relating to . . . compensation, classification, minimum wage, seating, expense reimbursement, overtime, breaks and rest periods . . . and state statutes or regulations, if any, addressing the same or similar subject matters, and all other . . . state legal claims (including without limitation torts) arising out of or relating to Employee's employment or the termination of employment." (Boldface omitted.)

The Agreement also provided:

> "How Arbitration Proceedings Are Conducted And Class, Collective, and Representative Action Waivers. . . .

> "You and the Company agree to bring any dispute in arbitration on an individual basis only, and not on a class, collective, or private attorney general basis. Accordingly, [¶] . . . [¶]

"(c) There will be no right or authority for any dispute to be brought, heard or arbitrated as a private attorney general action ('Private Attorney General Waiver').  The Private Attorney General Waiver does not apply to any claim you bring in arbitration as a private attorney general solely on your own behalf and not on behalf of or regarding others.  The Private Attorney General Waiver shall be severable from this Agreement in any case in which there is a final judicial determination that the Private Attorney General Waiver is unenforceable.  In such instances and where the claim is brought as a private attorney general, such private attorney general claims must be litigated in a civil court of competent jurisdiction."  (Boldface omitted.)

Finally, the Agreement contained a general severability clause, stating, "in the event any portion of this Agreement is deemed unenforceable, the remainder of this Agreement will be enforceable.  If the Class Action Waiver, Collective Action Waiver or Private Attorney General Waiver is deemed to be unenforceable, the Company and Employee agree that this Agreement is otherwise silent as to any party's ability to bring a class, collective or representative action in arbitration."

## **PROCEDURAL BACKGROUND**

In April 2021, Walters's attorney mailed a written notice to the Labor and Workforce Development Agency (LWDA) and Sensient pursuant to Labor Code section 2699.3.  Over 65 days passed without the agency responding to Walters's notice.

In July 2021, Walters filed a complaint against Sensient seeking civil penalties under PAGA for alleged violations of Labor Code sections 201, 202, 203, 204, 218.5, 221, 226, subdivision (a), 226.3, 226.7, 246, 510, 512, subdivision (a), 558, 1174, subdivision (d), 1194, 1197, 1197.1, 1198, 2800, and 2802.

In December 2022, Sensient filed a motion to compel arbitration of the individual PAGA claims and to dismiss the non-individual PAGA allegations.  In support of this remedy, Sensient relied on the United States Supreme Court's then-recent opinion in *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. ___ [142 S.Ct. 1906] (*Viking River*).

4.

In opposition to the motion to compel, Walters pointed out that the California Supreme Court had granted review in *Adolph v. Uber Technologies*, S274671, to address the holding in *Viking River*. (See *Adolph v. Uber Technologies* (Aug. 1, 2022, S274671).) Walters argued *Viking River* was wrongly decided on state law grounds, and the trial court should deny Sensient's motion or stay the proceedings pending the decision in *Adolph v. Uber Technologies*, S274671.

On December 30, 2022, after hearing arguments, the superior court granted Sensient's motion to compel arbitration of the individual PAGA claims. The court noted Walters had entered into an enforceable arbitration agreement to arbitrate his "individual wage [and] hour claims" pursuant to *Viking River*. The court then concluded, "Since there is no longer a representative plaintiff for the PAGA [non-individual] claims, the motion to dismiss the PAGA [non-individual] action is GRANTED."

While this appeal was pending, our Supreme Court issued its opinion in *Adolph*, *supra*, 14 Cal.5th 1104.

## DISCUSSION

### I. Governing Legal Principles

We begin with review of the federal and state laws governing arbitration of PAGA claims.

#### A. Federal Arbitration Act

Pursuant to the Federal Arbitration Act (FAA; 9 U.S.C. § 1 et seq.), "agreements to arbitrate [are] enforceable as a matter of federal law." (*Viking River*, *supra*, 142 S.Ct. at p. 1917.) Thus, " ' "[t]he FAA pre-empts state laws which 'require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration.' " ' " (*Victrola 89, LLC v. Jaman Properties 8 LLC* (2020) 46 Cal.App.5th 337, 355; accord, *Vaughn v. Tesla, Inc.* (2023) 87 Cal.App.5th 208, 219 [" 'the FAA preempts any state law that stands as an obstacle to its objective of enforcing arbitration agreements according to their terms' "].) The FAA applies to " 'any contract evidencing

a transaction involving interstate commerce.' " (*Victrola 89, LLC*, at p. 346.) "[T]he FAA also applies if it is so stated in the agreement." (*Barrera v. Apple American Group LLC* (2023) 95 Cal.App.5th 63, 76 (*Barrera*).)

### B. PAGA

"PAGA authorizes 'an aggrieved employee,' acting as a proxy or agent of the state [LWDA], to bring a civil action against an employer 'on behalf of himself or herself and other current or former employees' to recover civil penalties for Labor Code violations they have sustained." (*Adolph*, *supra*, 14 Cal.5th at p. 1113; see Lab. Code, § 2699, subd. (a).) "Of the civil penalties recovered, 75 percent goes to the [LDWA], leaving the remaining 25 percent for the 'aggrieved employees.' " (*Arias v. Superior Court* (2009) 46 Cal.4th 969, 980–981.) "A PAGA claim is legally and conceptually different from an employee's own suit for damages and statutory penalties" inasmuch as "[a]n employee suing under PAGA 'does so as the proxy or agent of the state's labor law enforcement agencies.' " (*Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 81, italics omitted (*Kim*).) A PAGA action " 'is fundamentally a law enforcement action designed to protect the public and not to benefit private parties' " (*Arias*, at p. 986.)

### C. *Iskanian*

In *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 (*Iskanian*), abrogated in part by *Viking River*, *supra*, 142 S.Ct. 1906, our Supreme Court considered the enforceability of a predispute arbitration agreement containing a "representative action" waiver, which provided that (1) " 'representative action procedures' " would not be asserted in any arbitration pursuant to the agreement, (2) the employee would not assert any " 'representative action claims' " against the employer in arbitration or otherwise, and (3) the employee could submit only his " 'own, individual claims' " in arbitration and would not seek to represent the interests of any other person. (*Iskanian*, at pp. 359–361.) The high court held that such a predispute agreement, which required an employee to give up the right to bring a PAGA action, is contrary to public

policy and unenforceable as a matter of state law.  (*Iskanian*, at p. 384.)  The court also held that a predispute agreement which provides for arbitration of individual PAGA claims, but waiver of non-individual PAGA claims, is similarly unenforceable. (*Iskanian*, at p. 384; see *Adolph*, *supra*, 14 Cal.5th at pp. 1117–1118.)  *Iskanian* further held that this "rule against PAGA waivers" was not preempted by the FAA.  (*Iskanian*, at p. 384; see *id*. at p. 360.)

Following *Iskanian*, "various courts held that employers may not require employees to 'split' PAGA actions in a manner that puts individual and non-individual components of a PAGA claim into bifurcated proceedings."  (*Adolph*, *supra*, 14 Cal.5th at p. 1118.)

### D.    *Viking River*

*Viking River* left undisturbed the holding of *Iskanian* that a pre-dispute, categorial waiver of the right to bring a PAGA action is unenforceable.  (*Viking River*, *supra*, 142 S.Ct. at pp. 1922–1925; accord, *Adolph*, *supra*, 14 Cal.5th at p. 1117; see *Iskanian*, *supra*, 59 Cal.4th at pp. 382–383.)  *Viking River* also left intact the *Iskanian* holding that a pre-dispute waiver of only non-individual PAGA claims is unenforceable.  (*Viking River*, at p. 1925; accord, *Adolph*, at p. 1118; see *Iskanian*, at p. 384.)  However, the high court in *Viking River* held the FAA preempts the rule, derived from *Iskanian*, that "precludes division of PAGA actions into individual and non-individual claims through an agreement to arbitrate."  (*Viking River*, at p. 1924.)  "Thus, *Viking River* requires enforcement of agreements to arbitrate a PAGA plaintiff's individual claims if the agreement is covered by the FAA."  (*Adolph*, at p. 1119.)

Significantly, the high court in *Viking River* also held that a plaintiff who is compelled to arbitrate individual PAGA claims loses statutory standing to pursue non-individual PAGA claims in court.  (*Viking River*, *supra*, 142 S.Ct. at p. 1925.)  As a result, the high court held the "correct course" was to dismiss the non-individual claims once the individual claims were compelled to arbitration.  (*Ibid.*)

7.

### E. *Adolph*

Following *Viking River*, multiple California Courts of Appeal held *Viking River* had incorrectly determined, as a matter of state law, that a plaintiff loses standing to litigate non-individual PAGA claims after the individual claims are compelled to arbitration. (*Nickson v. Shemran, Inc.* (2023) 90 Cal.App.5th 121, 134–135; *Seifu v. Lyft, Inc.* (2023) 89 Cal.App.5th 1129, 1139–1141; *Gregg v. Uber Technologies, Inc.* (2023) 89 Cal.App.5th 786, 805–806; *Piplack v. In-N-Out Burgers* (2023) 88 Cal.App.5th 1281, 1292; *Galarsa*, *supra*, 88 Cal.App.5th at pp. 652–653.) Subsequently, our Supreme Court in *Adolph* agreed with these Courts of Appeal, holding that, "where a plaintiff has filed a PAGA action comprised of individual and non-individual claims, an order compelling arbitration of individual claims does not strip the plaintiff of standing to litigate non-individual claims in court." (*Adolph*, *supra*, 14 Cal.5th at p. 1123.) Thus, following *Adolph*, non-individual claims need not be dismissed when individual claims are compelled to arbitration.

## II. Appealability

In his opening brief, Walters asserts the trial court's order is appealable pursuant to Code of Civil Procedure[2] section 1294, subdivision (a) and the so-called "death knell doctrine" as set forth in *Franco v. Athens Disposal Co., Inc.* (2009) 171 Cal.App.4th 1277, 1288 (*Franco*), abrogated on another ground by *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333 as recognized in *Iskanian*, *supra*, 59 Cal.4th at page 366. Sensient argues Walters's bare references to this authority fail to meet his burden to establish appellate jurisdiction.[3] Sensient also disputes that section 1294 authorizes the

---

[2] Undesignated statutory references are to the Code of Civil Procedure.

[3] We note, however, that Sensient's request that we dismiss the appeal for lack of jurisdiction is improperly raised in Sensient's brief, rather than in a separately filed motion. (*Barrera*, *supra*, 95 Cal.App.5th at p. 96; *Halliburton Energy Services, Inc. v. Department of Transportation* (2013) 220 Cal.App.4th 87, 106; *Jocer Enterprises, Inc. v. Price* (2010) 183 Cal.App.4th 559, 565, fn. 4; see Cal. Rules of Court, rule 8.54(a)(1).)

appeal and contends that cases extending the death knell doctrine to the arbitration and PAGA contexts were wrongly decided.  In reply, Walters contends appellate jurisdiction derives from sections 904.1 and 906.  Walters also once again argues the order is appealable under the death knell doctrine.  Alternatively, Walters asks us to construe the appeal as a petition for writ of mandate over which we have original jurisdiction.  Indeed, both parties recognize we may construe the appeal as a petition for writ of mandate, although they dispute whether we should do so.

"The existence of an appealable judgment or order is a jurisdictional prerequisite to an appeal."  (*Harrington-Wisely v. State of California* (2007) 156 Cal.App.4th 1488, 1494.)  "The right to appeal is purely statutory, since neither the federal Constitution nor state Constitution provides for it."  (*Dow v. Lassen Irrigation Co.* (2022) 75 Cal.App.5th 482, 483.)  "Because the right to appeal is strictly statutory, a judgment or order is not appealable unless a statute expressly makes it appealable."  (*In re Michael H.* (2014) 229 Cal.App.4th 1366, 1373.)

Section 1294, subdivision (a) provides an aggrieved party the right to appeal from "[a]n order dismissing or denying a petition to compel arbitration."  However, an order granting a motion to compel arbitration is not immediately appealable.  (*Abramson v. Juniper Networks, Inc.* (2004) 115 Cal.App.4th 638, 648 (*Abramson*).)  Nonetheless, an aggrieved party may appeal an order granting a motion to compel arbitration after the arbitration has concluded and a judgment confirming the award has been entered. (§§ 1287.4, 1294, subd. (d), 1294.2; *Ashburn v. AIG Financial Advisors, Inc.* (2015) 234 Cal.App.4th 79, 94.)  Additionally, in a post-arbitration appeal, we may review "any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the order or judgment appealed from, or which substantially affects the rights of a party."  (§ 1294.2.)

More generally, section 904.1 provides for appeals from final judgments. (§ 904.1, subd. (a)(1).)  An order dismissing an action constitutes a final judgment and is

9.

appealable on that basis. (§ 581d; see *Cano v. Glover* (2006) 143 Cal.App.4th 326, 328, fn. 1 ["An involuntary dismissal effected by a minute order signed by the trial court is an appealable order."].) At the same time, the "one final judgment rule" prohibits " ' "piecemeal disposition and multiple appeals in a single action" ' " and thus generally requires that " ' "an appeal may be taken only from the final judgment in an entire action." ' " (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 756 (*Baycol*).)

The "death knell doctrine" has evolved as an exception to the one final judgment rule. Applied in the class action context, it permits an appeal from an order which effectively terminates class claims but permits individual claims to continue. (*Baycol*, *supra*, 51 Cal.4th 754; accord, *Daar v. Yellow Cab Co.* (1967) 67 Cal.2d 695.) It derives from the principle that an order terminating class claims "effectively [rings] the death knell for the class claims" and, "in the absence of [an appellate court] treating the order as a de facto final judgment, any appeal likely would be foreclosed." (*Baycol*, at p. 757.) Thus, application of the death knell doctrine requires "an order that (1) amounts to a de facto final judgment for absent plaintiffs, under circumstances where (2) the persistence of viable but perhaps de minimis individual plaintiff claims creates a risk no *formal* final judgment will ever be entered." (*Id.* at p. 759.) Within these confines, the doctrine has been held to fit "within the settled rule that orders amounting to de facto judgments as to some but not all parties could be treated as final judgments and appealed under former section 963," the predecessor to section 904.1. (*Baycol*, at p. 759.)

In *Franco*, *supra*, 171 Cal.App.4th at page 1288, the Court of Appeal held the death knell doctrine rendered appealable a superior court order that enforced a class arbitration waiver and required the named plaintiff to arbitrate his claims on an individual basis. Citing *Franco*, the court in *Miranda v. Anderson Enterprises, Inc.* (2015) 241 Cal.App.4th 196, 199, 201, held the death knell doctrine applied to render appealable a trial court order compelling arbitration of the plaintiff's individual PAGA claim and dismissing a non-individual PAGA claim. The *Miranda* court explained that both class

10.

claims and PAGA claims "are forms of representative actions, whereby one or more plaintiffs seek recovery on behalf of nonparties. [Citation.] In both types of action, the potential recovery is greater if the claim is brought as a class or representative action than it would be if the plaintiff sought only individual relief. [Citations.] In both, the represented nonparties are bound by any final judgment." (*Miranda*, at pp. 200–201.) The court further noted, "The rationale underlying the death knell doctrine—' "that without the incentive of a possible group recovery the individual plaintiff may find it economically imprudent to pursue his lawsuit to a final judgment and then seek appellate review of an adverse class determination," ' thereby rendering the order 'effectively immunized by circumstance from appellate review' [citation]—applies equally to representative PAGA claims." (*Id.* at p. 201.) Although the court acknowledged other "significant differences" between class claims and PAGA claims, it found these differences immaterial for purposes of the death knell doctrine. (*Miranda*, at p. 201.)

As stated, the parties disagree on the applicability of the death knell doctrine in the context of the instant appeal. We need not resolve this dispute. As the parties agree, we have discretion to treat the appeal as a petition for writ of mandate. (See, e.g., *Nixon v. AmeriHome Mortgage Co., LLC* (2021) 67 Cal.App.5th 934, 944; *Cortez v. Doty Bros. Equipment Co.* (2017) 15 Cal.App.5th 1, 10; *Szetela v. Discover Bank* (2002) 97 Cal.App.4th 1094, 1098.) In light of the parties' positions on appealability and the potential uncertainty surrounding Walters's right to appeal the dismissal order, we will exercise our discretion to treat the appeal as a petition for writ of mandate and consider the merits of the order dismissing the non-individual claims. We note that Sensient does not dispute that the trial court's dismissal order is erroneous under *Adolph*, and construing the appeal as a writ petition will permit us to return the parties to the position they would have been in had our Supreme Court's opinion in *Adolph* been available at the time the trial court considered Sensient's request for dismissal.

11.

## III.    Dismissal of Non-individual PAGA Claims

Walters contends the trial court erred in dismissing his non-individual PAGA claims for lack of standing.[4]  Sensient does not argue otherwise.  We agree the court's order is erroneous under *Adolph*.

*Adolph* holds that "[w]here a plaintiff has brought a PAGA action comprising individual and non-individual claims, an order compelling arbitration of the individual claims does not strip the plaintiff of standing as an aggrieved employee to litigate claims on behalf of other employees under PAGA."  (*Adolph*, *supra*, 14 Cal.5th at p. 1114.)  We are compelled to follow *Adolph* and hold that Walters has standing to litigate his non-individual PAGA claims in court, despite being compelled to arbitrate the individual claims.  Accordingly, the court erred in dismissing the non-individual claims for lack of standing.

## IV.    Stay of Proceedings

Sensient requests that we instruct the trial court on remand to stay the non-individual PAGA claims pending the outcome of arbitration of the individual PAGA claims.  Sensient contends many of the individual and non-individual PAGA claims overlap, factually and legally.  Thus, Sensient argues, allowing the non-individual claims to proceed in court would undermine the arbitration order and the objectives of the FAA.  Sensient also points out that a stay procedure was approved in *Adolph*, *supra*, 14 Cal.5th at pages 1123–1124, and additionally directs our attention to *Franco v. Arakelian Enterprises, Inc.* (2015) 234 Cal.App.4th 947, 966, which stated that, when "issues subject to litigation under . . . PAGA might overlap those that are subject to arbitration of

---

[4] Walters does not challenge the order compelling arbitration of the individual PAGA claims.  We therefore do not address the court's order granting the motion to compel arbitration of the individual claims, nor Sensient's arguments as to why that order should be affirmed.

. . . individual claims, the trial court must order an appropriate stay of trial court proceedings."**5**

*Adolph* makes clear that a plaintiff may not relitigate in court issues that he or she has agreed to resolve in arbitration as part of an individual PAGA claim. (See *Adolph*, *supra*, 14 Cal.5th at pp. 1123–1124.) Moreover, our Supreme Court has endorsed a stay as one manner of preventing such prohibited relitigation of issues. (*Id.* at p. 1124.) We recognize that since *Viking River* was decided, decisions of the Courts of Appeal have differed on whether to direct the trial court to stay the court proceedings on the non-individual claims or remand the issue of a stay to the trial court. (Cf. *Gregg v. Uber Technologies, Inc.*, *supra*, 89 Cal.App.5th at p. 807 [trial court directed to stay the non-individual claims until completion of arbitration] with *Barrera*, *supra*, 95 Cal.App.5th at p. 95 [trial court to determine on remand whether to stay the non-individual PAGA claims]; *Nickson v. Shemran, Inc.*, *supra*, 90 Cal.App.5th at p. 135 [management of litigation during pendency of arbitration left to trial court's discretion]; *Seifu v. Lyft, Inc.*, *supra*, 89 Cal.App.5th at p. 1142 [remand for trial court to determine in first instance whether a stay of the non-individual PAGA claims is warranted].) Other appellate decisions have not addressed the issue of a stay, which leaves the question to be raised and resolved on remand. (E.g., *Galarsa*, *supra*, 88 Cal.App.5th at p. 655.)

Generally, the decision whether to stay an action at law when a controversy has been ordered to arbitration is a discretionary decision for the trial court. (§ 1281.4; *Jarboe v. Hanlees Auto Group* (2020) 53 Cal.App.5th 539, 547, 556.) Here, the trial court has not had an opportunity to rule on whether the reasons presented by Sensient

---

**5** The "individual claims" referred to in *Franco v. Arakelian Enterprises, Inc.* were traditional private causes of action that were compelled to arbitration. Meanwhile, all the PAGA claims, both individual and non-individual, remained in the trial court and were stayed. (*Franco v. Arakelian Enterprises, Inc.*, *supra*, 234 Cal.App.4th at pp. 951–952, 965–966.)

support a stay of the court proceedings.  We conclude a determination regarding whether to stay the court proceedings on the non-individual PAGA claims should be made by the trial court in the first instance, in consideration of all relevant circumstances.

## **DISPOSITION**

The appeal from the order granting Sensient's motion to dismiss the non-individual PAGA claims is treated as a petition for writ of mandate.  The petition is granted.  Let a peremptory writ of mandate issue commanding the superior court to vacate its order dismissing the non-individual claims.  The cause is remanded to the trial court for further proceedings consistent with this opinion.  In the interests of justice, the parties are to bear their own costs.  (Cal. Rules of Court, rule 8.493(a)(1)(B).)


DETJEN, Acting P. J.

WE CONCUR:


FRANSON, J.


MEEHAN, J.

14.